Westlaw.

991 F.Supp. 383                                                                                          Page 1
991 F.Supp. 383, 157 L.R.R.M. (BNA) 2437
(Cite as: 991 F.Supp. 383)

H

Motions, Pleadings and Filings

United States District Court,
D. Delaware.
Charles E. WILLIAMS, Plaintiff,
v.
CHRYSLER CORPORATION, Local 1183, United Automobile Aerospace and Agricultural
Implement Workers of America, and International Union, United Automobile,
Aerospace and Agricultural Implement Workers of America, UAW, Defendants.
No. CIV.A. 97-68 MMS.

Jan. 7, 1998.

Terminated employee sued employer for wrongful termination, and union for breach of duty of fair representation. Motions for summary judgment were made. The District Court, Murray M. Schwartz, Senior District Judge, held that: (1) six-months statute of limitations for bringing of hybrid action was not tolled when employee sought reconsideration of adverse decision by union's public review board; (2) statute of limitations for claim that employer interfered with rights of employee in benefits plan, in violation of ERICA, began to run from date of termination and had expired; (3) state law claim for breach of implied covenant of good faith and fair dealing began to run from date of termination and had expired.

Motions granted.

West Headnotes

[1] Labor and Employment 1219(4)
231Hk1219(4) Most Cited Cases
    (Formerly 232Ak777.1, 232Ak758.1 Labor Relations)

[1] Labor and Employment 1322
231Hk1322 Most Cited Cases
    (Formerly 232Ak777.1, 232Ak758.1 Labor Relations)
Six-month statute of limitations applied simultaneously to action brought against employer for wrongful termination in violation of collective bargaining agreement and suit against union for breach of duty of fair representation, when brought as hybrid suit. Labor Management Relations Act, 1947, § 301, 29 U.S.C.A. § 185.

[2] Limitation of Actions 46(7)
241k46(7) Most Cited Cases

[2] Limitation of Actions 58(1)
241k58(1) Most Cited Cases
Statute of limitations for hybrid suit against employer and union, alleging wrongful termination and breach of duty of representation, began to run upon receipt of notice from union's public review board that claim was rejected, and was not tolled by request for reconsideration made to board. Labor Management

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

991 F.Supp. 383                                                                Page 2
991 F.Supp. 383, 157 L.R.R.M. (BNA) 2437
**(Cite as: 991 F.Supp. 383)**

Relations Act, 1947, § 301, 29 U.S.C.A. § 185.

**[3] Limitation of Actions** ⚛58(1)
241k58(1) Most Cited Cases
Employee's alleged good faith belief that he was attempting to **exhaust** grievance procedure of union, when he asked for reconsideration of union public **review** board's denial of his **claim**, did not **toll statute** of **limitations** for hybrid suit against employer and union. Labor Management Relations Act, 1947, § 301, 29 U.S.C.A. § 185.

**[4] Limitation of Actions** ⚛58(1)
241k58(1) Most Cited Cases

**[4] Limitation of Actions** ⚛95(14)
241k95(14) Most Cited Cases
Three year period for bringing **claim** that employer interfered with rights of employee in **benefits** plans, in violation of Employee Retirement Income Security Act (**ERISA**), borrowed from Delaware law, began to run from date of termination of employee, rather than date when employee first discovered he had legal wrong. Employee Retirement Income Security Act of 1974, § 510, 29 U.S.C.A. § 1140.

**[5] Limitation of Actions** ⚛47(1)
241k47(1) Most Cited Cases
Statute of limitations on claim against employer for breach of implied covenant of good faith and fair dealing, under Delaware law, began to run from date employer allegedly breached agreement by terminating employee. 10 Del.C. § 8106.

*384 Clark C. Kingery, Clark C. Kingery, P.A., Wilmington, DE, for Charles E. Williams.

Christopher Poverman, Semmes, Bowen & Semmes, P.C., Wilmington, DE (Richard T. Sampson, Jonathan R. Topazian, Semmes, Bowen & Semmes, P.C., Washington, DC, of counsel), for Chrysler Corp.

Stephen B. Potter, Stephen B. Potter and Associates, Wilmington, DE (Richard H. Markowitz, Markowitz & Richman, Philadelphia, PA, of counsel), for Local 1183, United Automobile, Aerospace and Agricultural Implement Workers of America and International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW.

*OPINION*

MURRAY M. SCHWARTZ, Senior District Judge.

I. Introduction

Charles E. Williams ("Williams") instituted this action under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S .C. § 185 (1978), against Chrysler Corporation ("Chrysler" or "Company"), the United Auto Workers ("UAW") Local 1183, and the United Automobile, Aerospace and Agricultural Implement Workers of America, UAW (collectively "the Unions"). Complaint, Docket Item (D.I.) 1. Plaintiff alleges that Chrysler, his former employer, wrongly discharged him in violation of the applicable collective bargaining agreement. See D.I. 1, at 9-10. Plaintiff alleges that the Unions, both of which he was a member while employed at Chrysler, breached their duty of fair representation by not grieving plaintiff's discharge all the way through the arbitration process outlined in the collective bargaining agreement. See D.I. 1, 10-11. In addition, plaintiff brings a claim against

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

991 F.Supp. 383                                                              Page 3
991 F.Supp. 383, 157 L.R.R.M. (BNA) 2437
**(Cite as: 991 F.Supp. 383)**

Chrysler for violation of the Employee Retirement Income Security Act ("ERISA") Section 510, 29 U.S.C. § 1140 (1985), alleging interference with his rights to potential employee health benefits. Lastly, plaintiff alleges that Chrysler and the Unions breached the implied covenant of good faith and fair dealing under Delaware state law.

Pursuant to a Rule 16 Scheduling Order, the Court ordered defendants to file any case dispositive motions premised on affirmative *385 defenses based on limitations, laches, and the exclusivity of proceedings before the Public Review Board. Pending now before the Court are Chrysler's and the Unions' motions for summary judgment which are limited to the aforementioned, case dispositive, affirmative defenses. The Court has federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction over the state claims under 28 U.S.C. § 1367. For reasons which follow, both Chrysler's and the Unions' motions for summary judgment will be granted.

## II. Factual Background

On June 23, 1987, Williams was terminated from his employment at the Chrysler Newark Assembly Plant on the basis of excessive absenteeism under the Chronic Absentee Procedure of the collective bargaining agreement. [FN1] A grievance was filed by the Local on behalf of Williams based on Williams' contention that his heart condition was an excludable condition under the Chronic Absentee Procedure. Because the Union did not believe that Williams had a legitimate grievance against the Company, on June 30, 1988, the Union withdrew Williams' grievance from arbitration under the collective bargaining agreement. [FN2] Williams filed an internal union appeal of the withdrawal on August 18, 1988.

> FN1. Under the Chronic Absentee Procedure provided for in the collective bargaining agreement, protection is afforded to employees who are absent from work due solely to disability resulting from serious sicknesses or injuries. See D.I. 20, at 2. These "excludable" illnesses are listed in the Chrysler Corporation/UAW Medical Guidelines. See D.I. 18, Exhibit D. If an illness is deemed excludable under the applicable medical guidelines, absences resulting from such illnesses are not counted against employees in determining absentee rates for purposes of discipline, including counseling and termination of employment. See D.I. 20, at 2.
>
> FN2. The Union did grieve Williams' termination through the first three steps of the grievance process outlined by the collective bargaining agreement. The Union declined only to proceed to arbitration on the grievance, which was the next step in the grievance process.

The procedure for appealing the disposition of an employee's grievance is set out under Article 33 of the UAW Constitution. First, the employee may appeal to the UAW's International Executive Board ("Executive Board"). A decision of the Executive Board may then be appealed to the UAW's Public Review Board. The Public Review Board is an independent panel of esteemed law professors and labor relations experts who are appointed by both previous Public Review Boards and the UAW. Under Article 33, Section 5 of the UAW Constitution, full and complete exhaustion of the Union's internal administrative remedy is required before a civil action may be brought in federal court. [FN3]

> FN3. Both parties concede that nowhere in Article 33, Section 5 of the collective bargaining agreement is a request for reconsideration mentioned as a *sine qua non* for exhaustion.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

991 F.Supp. 383                                                                                Page 4
991 F.Supp. 383, 157 L.R.R.M. (BNA) 2437
**(Cite as: 991 F.Supp. 383)**

  On January 17, 1989, an appeals committee of the Executive Board conducted a hearing on Williams' appeal. The Executive Board adopted the findings of the appeals committee and ruled for the Union. In response to the Executive Board decision, Williams brought his appeal to the Public Review Board, which heard oral argument on November 18, 1989. On March 9, 1990, the Review Board found that Williams was entitled to the benefit of the review procedure provided by the Chronic Absentee Procedure whereby the excludability of an illness may be determined. See Public Review Board, Opinion of March 9, 1990, D.I. 22, Exhibit 1, at 7. Therefore, the Public Review Board remanded the case back to the Executive Board with instructions that the record be further developed through medical evidence to determine if Williams' heart condition was excludable under the Chronic Absentee Procedure. In particular, the Review Board focused the remand on whether bronchitis may be caused by heart disease.

  Thereafter, Williams terminated the services of his attorney and decided to proceed *pro se* in the matter. There were no further developments between March 18, 1992 and June 1995. [FN4] In June of 1995, Williams contacted *386 the Public Review Board and asked for certain documents that he lost and made clear that he was now representing himself. On January 9, 1996, the Public Review Board issued another decision finding that Williams' illnesses were not excludable under the Chronic Absentee Procedure. See Public Review Board, Opinion of January 9, 1996, D.I. 22, Exhibit 2, at 10. On April 24, 1996, through newly retained counsel, Williams sought reconsideration of the Board's decision. On August 21, 1996, the Review Board issued an Order denying the Appeal on Reconsideration finding that "appellant's request for reconsideration was not filed within the [30 day] time [period] permitted," by the Public Review Board's Rules of Procedure. See Public Review Board, Order of August 21, 1996, D.I. 22, Exhibit 10; see also Rules of Procedure of the Public Review Board, Series 14, Rule 11, D.I. 26, at 4-5. This lawsuit followed on February 19, 1997.

> FN4. Up until March 18, 1992, Williams, through his attorney, had been attempting to compile the needed medical evidence to bring before the Executive Board. Apparently, Williams suffered a severe stroke and had to be hospitalized.

### III. Standard of Review

  Defendants seek summary judgment pursuant to Fed.R.Civ.P. 56. Under Rule 56, in order for the Court to enter summary judgment, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "The substantive facts will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Only if a fact might affect the outcome of the suit is it material. See id.

  The non-moving party must make a "showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." See *Celotex*, 477 U.S. at 322. The non-moving party cannot just rely "upon bare assertions, conclusory allegations or suspicions." *Gans v. Mundy*, 762 F.2d 338, 341 (3d Cir.), cert. denied, 474 U.S. 1010, 106 S.Ct. 537, 88 L.Ed.2d 467 (1985). The Court resolves conflicting evidence in favor of the plaintiff, does not engage in credibility determinations, and draws all reasonable inferences in favor of the plaintiff. See *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1072 (3d Cir.1996) (en banc).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

991 F.Supp. 383                                                          Page 5
991 F.Supp. 383, 157 L.R.R.M. (BNA) 2437
**(Cite as: 991 F.Supp. 383)**

### IV. Discussion

The defendants assert Williams' complaint is time-barred by the six-month **statute** of **limitation** which applies to Section 301 hybrid actions. In addition, Defendant Unions contend the plaintiff is bound by the decision of the Public **Review** Board under the internal appeal procedure of the UAW Constitution. Defendant Chrysler also maintains that the **ERISA** interference **claim** was not timely filed. Lastly, both Chrysler and the Unions aver that the breach of the implied covenant of good faith and fair dealing **claim** was not timely filed.

Plaintiff responds that his Section 301 **claim** was timely filed because the six-month **statute** of **limitations** applicable to this action was **tolled** while plaintiff attempted in good faith to resolve his **claim** through the internal union appeal procedure. Therefore, the **limitations** period did not start to run until August 21, 1996 and this **claim** is not time-barred. Plaintiff also contends that since the internal union procedure is not exclusive, he is not bound by the determination of the Public **Review** Board. Lastly, plaintiff contends his **claims** under **ERISA** and state law were **tolled** as against Chrysler or did not accrue as to the Union, until the underlying Section 301 action accrued on August 21, 1996.

Because the Court finds that plaintiff's Section 301, state contract, and **ERISA** interference actions are all time barred under the applicable **limitation** periods, the Court need not address plaintiff's argument concerning the exclusiveness of the Public **Review** Board's procedures.

A. *Statute of Limitations Analysis Under Section 301*

[1] There is no dispute between the parties that the applicable **statute** of **limitations** for Section 301 actions is six months. See <u>DelCostello v. Int'l Brotherhood of Teamsters,</u> 462 U.S. 151, 164-65, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Because Section 301 is a *387 hybrid action against both the Unions for breach of their duty of fair representation and against Chrysler for wrongful termination under the collective bargaining agreement, the six-month statute of limitation applies simultaneously to both causes of actions made under the Section 301 suit. See <u>Vadino v. A. Valey Engineers,</u> 903 F.2d 253, 261 (3rd Cir.1990). That being said, the issue which must be resolved is when did the **limitations** period accrue.

Williams contends that his filing of a request to reconsider with the Public **Review** Board **tolled** the **statute** of **limitations** until the **Review** Board rendered its decision on August 21, 1996. Because this complaint was filed on February 17, 1997, Williams maintains that this action is not time-barred because it was brought within the six-month **limitation** period. Further, Williams asserts that because further intra-union appeals were not futile, the **statute** of **limitations** periods still had not accrued. Lastly, Williams maintains that his good faith belief that he was **exhausting** the intra-union appeal process should suffice to **toll** the applicable **statute** of **limitations**. Defendants, on the other hand, argue that a request to reconsider filed with the **Review** Board does not **toll** the **statute** and that the proper time of accrual of this action was shortly after January 9, 1996, when Williams received notice from the **Review** Board that his appeal was denied on the merits.

The issue presented by the parties then is whether a plaintiff's motion to reconsider a Public **Review** Board ruling should **toll** the Section 301 six-month **limitations** period. For the reasons enunciated below, the Court holds Williams' request for the Public **Review** Board to reconsider its decision does not **toll** the six-month, Section 301 **limitations** period.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

991 F.Supp. 383                                                          Page 6
991 F.Supp. 383, 157 L.R.R.M. (BNA) 2437
**(Cite as: 991 F.Supp. 383)**

1. *Motion to Reconsider Does Not Toll* Applicable *Limitation* Period

[2] It is well settled Third Circuit Court of Appeals case law that the six-month **statute** of **limitations** period starts to run for Section 301 hybrid suits when, "it is sufficiently ripe [so] that one can maintain suit on it." *Whittle v. Local 641, Int'l Brotherhood of Teamsters, AFL-CIO, Yellow Freight System, Inc.,* 56 F.3d 487, 489 (3d Cir.1995). In addition, "[w]hen a grievance procedure does apply, the employee-plaintiff is required to at least attempt to exhaust his or her remedies under that procedure before a § 301 suit can be filed against the employer." *Id.* at 490; see also *Walker v. Chrysler Corp.,* 601 F.Supp. 1358, 1361 (D.Del.1985) ("employee ... must attempt to exhaust any exclusive grievance ... procedure[ ] established by that agreement ...."). It is undisputed that under Article 33 of the UAW Constitution, plaintiff had to exhaust his intra-union appeals before he could bring this suit in federal court. However, it is also conceded by both parties that a request for reconsideration was not required under the UAW Constitution to exhaust administrative remedies. [FN5] The Court therefore finds that Williams' Section 301 suit was ripe shortly after the Public Review Board issued its decision on January 9, 1996 and Williams thereafter received the decision in the mail. At that time, Williams was sufficiently aware that he suffered a loss from the union's and the company's alleged breaches. Assuming that it took one week, at the most, for the Review Board decision to reach Williams by mail, the action accrued on January 16, 1996. [FN6] His action is therefore **\*388** time barred because he did not meet the six-month limitations period when he filed this complaint thirteen months after his action accrued.

> FN5. Even if, *arguendo,* it was necessary to file a request for reconsideration in order to exhaust administrative remedies, Williams waived this requirement by not filing his request for reconsideration within the applicable thirty day time period because he filed it on April 26, 1996, clearly more than thirty days after receipt of the Review Board's decision. *See* Rules of Procedure of the Public Review Board, Series 14, Rule 11, D.I. 26, at 4-5 ("Within 30 days following receipt of a decision of by the PRB, any party may file a written request for reconsideration. The request for reconsideration shall identify specifically errors of material fact or erroneous conclusions which are set forth in the PRB's written decision. The PRB shall provide a written response to the request for reconsideration setting forth its reasons for granting or denying the request.").

> FN6. Williams, in his deposition testimony, could not remember when he received the January 9th Review Board decision. "Mail which is properly addressed and mailed postage prepaid is presumed to be duly received by the addressee, but such a mailing must be proven in order to activate the presumption." *See Tisch Family Foundation, Inc. v. Texas Nat'l Petroleum Co.,* 326 F.Supp. 1128, 1132 (D.Del.1971). Defendant Unions have provided the affidavit of David Y. Klein, the Executive Director of the Public Review Board, which states that a copy of the January 9, 1996 decision was mailed to Williams on January 9, 1996. Finding no evidence to the contrary, the Court holds Williams duly received the judgment within a week after mailing or at the latest, January 16, 1996.

To hold otherwise would mean the Court would have to read terms into the collective bargaining agreement that do not presently exist. In particular, it would be necessary to read a requirement into the agreement to file a request for reconsideration before exhausting one's grievance procedures. Because the Court does not find the applicable terms of the collective bargaining agreement to be

991 F.Supp. 383                                                                 Page 7
991 F.Supp. 383, 157 L.R.R.M. (BNA) 2437
**(Cite as: 991 F.Supp. 383)**

ambiguous, the Court declines to read any such language into the agreement. See *Northwestern Nat'l Ins. Co. v. Esmark, Inc. et. al.,* 672 A.2d 41, 43 (Del.Supr.1996) ("Where the contract language is clear and unambiguous, the parties' intent is ascertained by giving the language its ordinary and usual meaning. [citations omitted] Courts consider extrinsic evidence to interpret the agreement only if there is an ambiguity in the contract. [citations omitted]."); *Cincinnati SMSA Ltd. Partnership v. Cincinnati Bell Cellular Systems, Co.,* 1997 WL 525873, at *3 n. 11 (Del.Ch. August 13, 1997) (same).

Williams also argues that because the futility of his intra-union appeals had not yet become apparent, the statute of limitations did not accrue until the August 21, 1996 request for reconsideration decision. Williams cites *Vadino,* 903 F.2d at 260, for the proposition that, "the statute of limitations begins to run when 'the futility of further union appeals become apparent or should have become apparent' ". See id. (quoting in part *Scott v. Local 863, International Brotherhood of Teamsters,* 725 F.2d 226, 229 (3d Cir.1984); *Lewis v. Int'l Brotherhood of Teamsters,* 826 F.2d 1310, 1317 (3d Cir.1987) (same)). However, in a footnote the Third Circuit Court of Appeals also noted that in a
  somewhat different situation where the plaintiff's grievance has proceeded to a
  final decision by the arbitration board, we have held that the claim accrues at
  the time the plaintiff knows, or should have known, the arbitration decision,
  rather than when s/he should have reasonably known that further appeals to the
  union would be futile.
See *Vadino,* 903 F.2d at 261 n. 11 (citing *Childs v. Pennsylvania Fed. Brotherhood of Maintenance Way Employees,* 831 F.2d 429, 436 (3d Cir.1987)). This case, although not a final arbitration decision, is akin to a final decision at the end of a grievance process. As such, the statute of limitations accrues when Williams knew, or should have known, about the final Review Board decision; somewhere between January 9 and January 16, 1996.

[3] As for Williams' argument that his good faith belief that he was attempting to exhaust the grievance procedure should suffice to toll the applicable limitations period, the Court is unpersuaded. Preliminarily, Williams has cited to the Court no Third Circuit Court of Appeals case law that advances the good faith analysis. Further, although other circuits have held that, "[i]f the ... employee ... pursues his nonjudicial remedies in good faith, the limitations period is tolled until the nonjudicial proceedings are completed," see, e.g., *Lancaster v. Air Line Pilots Association Int'l,* 76 F.3d 1509, 1528 (10th Cir.1996) (citing *Lucas v. Mountain States Tel. & Tel.,* 909 F.2d 419, 421-22 (10th Cir.1990)); *Galindo v. Stoody Co. et. al.,* 793 F.2d 1502, 1510 (9th Cir.1986); *Adkins v. Int'l Union of Electrical, Radio & Machine Workers,* 769 F.2d 330, 336 (6th Cir.1985), these cases are inapposite to the present case. In those cases, the alleged breach of duty of fair representation arose outside the context of processing a grievance, e.g., where assessment of union dues was at issue. The Court can find no grievance procedure cases that apply the good faith test and is not persuaded it should do so in this case.

Lastly, the Court is guided by analogous Third Circuit Court of Appeals case law in *389 which the Court held that the filing of a request for reconsideration, absent statutory language to the contrary, does not toll the relevant statute of limitations. In*McCray v. Corry Manuf. Co.,* 61 F.3d 224, 225 (3d Cir.1995), the plaintiff filed an action against her former employer under the Age Discrimination in Employment Act ("ADEA"). After investigating plaintiff's claim, the EEOC issued a determination that there was no reasonable cause to believe the employer discriminated on the basis of age. *Id.* Less than thirty days later, plaintiff requested that the EEOC reconsider its findings. *Id.* at 226. The EEOC also

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

991 F.Supp. 383                                                                  Page 8
991 F.Supp. 383, 157 L.R.R.M. (BNA) 2437
**(Cite as: 991 F.Supp. 383)**

denied the request for reconsideration ruling that most of the facts set forth in her request were time barred by the statute of limitations for filing charges of discrimination. *Id.* Thereafter, the plaintiff in *McCray* failed to file a complaint in the federal court within ninety days after the original EEOC decision. *Id.*

The *McCray* Court found that even though requests for reconsideration tolled the applicable limitations period for Title VII and Americans with Disabilities Act ("ADA") civil actions, see 29 C.F.R. § 1601.19(b) (1993), there was no similar provisions for ADEA actions. *Id.* at 228. As a result, the Court declined to extend the reconsideration provisions of § 1601.19(b) to ADEA claims, absent any applicable statutory provision instructing the Court to do so. *See id.* The *McCray* Court held that merely requesting reconsideration of an EEOC Determination does not toll the ninety day statute of limitations controlling the filing of a civil action, and therefore, plaintiff's claim was time-barred. *Id.* at 229.

Although decided in a different context, the Court finds *McCray* to be persuasive additional authority. Like the plaintiff in *McCray*, Williams received a negative determination from the agency to which he brought his grievance. After receiving the denial of his appeal, Williams sought to have the Public Review Board's determination reconsidered. The Review Board denied Williams' request for reconsideration because, like the plaintiff in *McCray*, he had not met the applicable statute of limitation period under which such motions must be filed. Moreover, as in *McCray*, there is no applicable statute for Section 301 actions that allows requests for reconsideration at the grievance level to toll the statute of limitations as there is in Title VII and ADA suits.

The only difference between the *McCray* case and the case at bar is that in *McCray* the agency involved was a governmental agency, i.e., the EEOC, and in this case the agency involved is an independent appeals board of the UAW. The private/public agency distinction is of no import. What is important is both plaintiffs attempted to file motions for reconsideration with agencies whose procedures they had to **exhaust** properly before bringing a civil action and both plaintiffs contend that the bringing of the motion should **toll** the applicable **statute** of **limitations**.

The Court, applying the holding of *McCray* to the facts of this case, finds that Williams' merely requesting reconsideration of a Public **Review** Board ruling did not **toll** the six-month **statute** of **limitations** controlling the filing of a civil action. *See id.* As a result, his Section 301 action accrued for purposes of the **limitations** period on January 16, 1996, when he approximately received the determination of the Public **Review** Board. He did not file his complaint in this Court until February 19, 1997, a full thirteen months after the **Review** Board decision. Therefore, the Court holds that plaintiff's Section 301 action was untimely filed and as a result, is time-barred under the applicable six-month **statute** of **limitations**.

B. *Statute of Limitations Analysis For ERISA and State Contract Action*

Williams contends that Chrysler interfered with his rights under certain employee **benefit** plans in violation of **ERISA** Section 510 and that both Chrysler and the Unions breached the covenant of good faith and fair dealing under Delaware contract law by reason of his termination of employment on June 23, 1987. Williams believes that the accrual date for these causes of action should be August 21, 1997, the time when he believes his underlying Section 301 action accrued. Chrysler argues that the **ERISA** cause of action is time-barred under the *390 **ERISA statute** of **limitations**. Both Chrysler and the Unions also contend that the Delaware contract **claim** is time-barred under the applicable Delaware contract

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

991 F.Supp. 383                                                                                                         Page 9
991 F.Supp. 383, 157 L.R.R.M. (BNA) 2437
**(Cite as: 991 F.Supp. 383)**

**statute** of **limitations**.

[4] The **limitations** period for an **ERISA** Section 510 **claim**, as borrowed from Delaware law, has been determined by this Court to be three years. See *DeWitt v. Penn-Del Directory Corp.*, 912 F.Supp. 707, 723 (D.Del.1996). In *Dewitt,* this Court also decided that the **limitations** period runs at the time of the termination from employment, rather than when plaintiff first discovers he has suffered a legal wrong. See *id.* Applying this legal precedent, Williams' **ERISA claim** accrued on June 23, 1987, the day he was terminated from Chrysler. Because Williams' **claim** does not fit within the applicable three years **limitations** period, Williams' **ERISA** Section 510 **claim** is time-barred.

[5] As for plaintiff's state law action for breach of the implied covenant of good faith and fair dealing, the applicable **limitations** period is also three years. DEL. CODE ANN. tit. 10, § 8106 (1975). Under Delaware law, a contract **claim** accrues at the time of the breach. See *Wright v. ICI Americas Inc.*, 813 F.Supp. 1083, 1093 (D.Del.1993). The implied covenant was breached on the day that Williams was terminated, i.e., June 23, 1987. As a result, Williams' state contract claim is also time barred.

The Court therefore will grant summary judgment for defendants on all of plaintiff's causes of actions.

991 F.Supp. 383, 157 L.R.R.M. (BNA) 2437

Motions, Pleadings and Filings (Back to top)

• 1:97CV00068 (Docket)
(Feb. 19, 1997)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



163 F.3d 183                                                                    Page 1
163 F.3d 183, 160 L.R.R.M. (BNA) 2049, 137 Lab.Cas. P 10,315
**(Cite as: 163 F.3d 183)**

H

Briefs and Other Related Documents

United States Court of Appeals,
Third Circuit.
Charles E. WILLIAMS, Appellant
v.
CHRYSLER CORPORATION;  Local 1183, United Automobile, Aerospace and
Agricultural Implement Workers of America;  International Union, United
Automobile, Aerospace and Agricultural Implement Workers of America, UAW
No. 98-7108.

Argued Nov. 17, 1998.
Decided Dec. 16, 1998.

Terminated employee brought hybrid action under Labor Management Relations Act (LMRA) against former employer and union for breach of collective bargaining agreement (CBA) and breach of duty of fair representation. The United States District Court for the District of Delaware, Murray M. Schwartz, Senior District Judge, 991 F.Supp. 383, entered summary judgment in favor of employer and union. Employee appealed. The Court of Appeals, Greenberg, Circuit Judge, held that employee's untimely motion for reconsideration of union board's decision not to pursue his grievance to arbitration did not toll statute of limitations.

Affirmed.

West Headnotes

**[1] Federal Courts** 🔑766
170Bk766 Most Cited Cases
Review of a district court's decision to grant a motion for summary judgment is plenary. Fed.Rules Civ.Proc.Rule 56(c), 28 U.S.C.A.

**[2] Federal Civil Procedure** 🔑2466
170Ak2466 Most Cited Cases
If the evidence is such that a reasonable jury could return a verdict for the nonmoving party, then summary judgment should not be granted. Fed.Rules Civ.Proc.Rule 56(c), 28 U.S.C.A.

**[3] Federal Courts** 🔑802
170Bk802 Most Cited Cases
In determining whether summary judgment is appropriate, Court of Appeals must draw all reasonable inferences for the nonmoving party. Fed.Rules Civ.Proc.Rule 56(c), 28 U.S.C.A.

**[4] Limitation of Actions** 🔑105(1)
241k105(1) Most Cited Cases
Employee's untimely motion for reconsideration of union board's decision not to pursue to arbitration his grievance challenging his termination did not toll

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

163 F.3d 183                                                                    Page 2
163 F.3d 183, 160 L.R.R.M. (BNA) 2049, 137 Lab.Cas. P 10,315
**(Cite as: 163 F.3d 183)**

statute of limitations on his hybrid LMRA claim.  Labor Management Relations Act, 1947, § 301, 29 U.S.C.A. § 185.

[5] Limitation of Actions ⚖105(1)
241k105(1) Most Cited Cases
In determining whether employee's hybrid LMRA claim was timely, Court of Appeals was bound by union board's finding that employee's motion for reconsideration of board's decision not to pursue his grievance to arbitration was untimely.  Labor Management Relations Act, 1947, § 301, 29 U.S.C.A. § 185.

[6] Limitation of Actions ⚖105(1)
241k105(1) Most Cited Cases
Untimely motion for reconsideration pursuant to union internal appeal procedure cannot toll the six-month statute of limitations on hybrid LMRA claim.  Labor Management Relations Act, 1947, § 301, 29 U.S.C.A. § 185.

[7] Limitation of Actions ⚖13
241k13 Most Cited Cases
       (Formerly 232Ak773.1, 232Ak758.1  Labor Relations)
Employer and union were not estopped, based on fact that union board did not immediately reject employee's untimely motion for reconsideration of board's decision not to pursue his grievance to arbitration, from claiming that employee's motion failed to toll statute of limitations on hybrid LMRA claim. Labor Management Relations Act, 1947, § 301, 29 U.S.C.A. § 185.
 *184 Clark C. Kingery (argued), Wilmington, DE, for Appellant.

 Jonathan R. Topazian (argued), Richard T. Sampson, Semmes, Bowen & Semmes, Washington, DC, for Appellee Chrysler Corporation.

 Richard H. Markowitz (argued), Paula R. Markowitz, Markowitz & Richman, Philadelphia, PA, for Appellees Local 1183, United Automobile, Aerospace and Agricultural Implement Workers of America and International Union, United Automobile, Aerospace and Agricultural Implement Workers of America.

 Before:  BECKER, Chief Judge, GREENBERG, Circuit Judge, and  McLAUGHLIN, [FN*] District Judge.

   FN* Honorable Sean J. McLaughlin, Judge of the United States District Court
   for the Western District of Pennsylvania, sitting by designation.

                             OPINION OF THE COURT

GREENBERG, Circuit Judge.

                              I. INTRODUCTION
 This appeal requires us to decide whether an untimely motion for reconsideration addressed *185 to a union's administrative body tolls the six-month statute of limitations for claims brought under section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185.  After appellee Chrysler Corporation terminated him from his job, and his union refused to contest the termination in arbitration, appellant Charles Williams sought relief from the union's disposition of his grievance through its internal appeal procedures as established in its constitution.  The union's highest review board rejected his appeal and his untimely motion for reconsideration. Williams then filed suit against the union and Chrysler under section 301, but the district court granted their motions for

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

163 F.3d 183                                                                   Page 3
163 F.3d 183, 160 L.R.R.M. (BNA) 2049, 137 Lab.Cas. P 10,315
**(Cite as: 163 F.3d 183)**

summary judgment, concluding that Williams should have sued within six months after the **review** board initially rejected his appeal rather than six months after it denied his reconsideration motion. Because we conclude that the untimely motion for reconsideration did not **toll** the **statute** of **limitations**, we will affirm the district court's grant of summary judgment on Williams' section 301 **claims**, as well as on his related **claims** under state law and under section 510 of the Employee Retirement Income Security Act (**ERISA**), 29 U.S.C. § 1140.

## II. JURISDICTION

The district court had federal question jurisdiction over Williams' **claims** under section 510 of **ERISA**, 29 U.S.C. § 1140, and section 301 of the LMRA, 29 U.S.C. § 185. See 28 U.S.C. § 1331. It had supplemental jurisdiction over the state contract **claims** under 28 U.S.C. § 1367. We have jurisdiction to **review** the district court's grant of summary judgment because it is a final order under 28 U.S.C. § 1291.

## III. FACTUAL AND PROCEDURAL HISTORY

A. *Factual History*

On June 23, 1987, Chrysler terminated Williams from his job as an assembly worker at its Newark, Delaware, assembly plant because of his excessive absenteeism. Chrysler claimed that the Chronic Absentee Procedure, which was incorporated into its collective bargaining agreement with Williams' union, appellee United Automobile, Aerospace and Agricultural Implement Workers of America (Union), [FN1] justified the termination. According to the procedure's guidelines, however, absences resulting from certain "excludable" illnesses were not to be counted in determining an employee's absentee rate. Williams contended that because his absenteeism resulted from excludable illnesses, his termination violated the collective bargaining agreement. Thus, he requested the Union to grieve his termination. Although the Union pursued Williams' grievance through several steps of the grievance process, it ultimately concluded that the grievance was not legitimate and withdrew it on June 30, 1988, refusing to bring it to arbitration.

> FN1. Williams has sued both his local chapter of the United Automobile, Aerospace and Agricultural Implement Workers of America, Local 1183, as well as its international body. Because the parties do not distinguish between the local and the international for purposes of the issues presented by this appeal, neither do we. We, therefore, refer to both Local 1183 and the International Union as "Union" throughout our opinion.

The procedures outlined in Article 33 of the Union's constitution required Williams to appeal the withdrawal of his grievance internally before he could bring suit against the Union in federal court. The Public Review Board (Board), an independent body of experts that is the last recourse in the Union's internal grievance process, ultimately rejected Williams' appeal on January 9, 1996. [FN2] It concluded, after a remand to a lower body to develop the medical evidence, that the illnesses that had caused Williams' absences from work were not excludable under the relevant guidelines, and that the Union therefore correctly had refused to arbitrate his grievance.

> FN2. It took many years to resolve Williams' appeal in part because he suffered a severe stroke in 1992, which delayed the prosecution of this matter.

Believing that the Board had misinterpreted the guidelines and the nature of his illness, Williams filed a motion for reconsideration on April 26, 1996, well past

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

163 F.3d 183                                                                Page 4
163 F.3d 183, 160 L.R.R.M. (BNA) 2049, 137 Lab.Cas. P 10,315
**(Cite as: 163 F.3d 183)**

the deadline for reconsideration motions provided for under *186 Rule 11 of the Board's regulations, which states that "[w]ithin thirty (30) days following receipt of a decision by the [Board], any party may file a written request for reconsideration." After informing Williams that it was considering his motion and permitting the Union to respond, the Board rejected the reconsideration motion on August 21, 1996, stating that it was untimely and "[a]ccordingly ... denied." It noted in its denial, however, that "regardless of its untimely submission, the request [was] quite without merit."

B. *Procedural History*

Williams filed suit against Chrysler and the Union on February 19, 1997. He alleged first, under section 301 of the LMRA, 29 U.S.C. § 185, that Chrysler had violated the collective bargaining agreement in terminating him, and that the Union had violated its duty of fair representation in withdrawing his grievance against Chrysler. He then claimed that, through these same actions, Chrysler and the Union had breached the implied covenant of good faith and fair dealing under Delaware state law. Finally, he alleged that Chrysler had terminated him for the purpose of depriving him of his rights to health, insurance and disability **benefits**, thus violating section 510 of **ERISA**, 29 U.S.C. § 1140.

After the district court directed Chrysler and the Union to file all case dispositive motions based on affirmative defenses such as the **statute** of **limitations**, both defendants moved for summary judgment **claiming** that Williams' **claims** were time barred. The court granted the defendants' motions in full in an order entered January 8, 1998, on the basis of an accompanying opinion. See *Williams v. Chrysler Corp.*, 991 F.Supp. 383 (D.Del.1998). It found first "that Williams' Section 301 suit was ripe shortly after the ... Board issued its decision on January 9, 1996 and Williams thereafter received the decision in the mail." *Id.* at 387. The court reasoned that because the constitution did not require Williams to request reconsideration in order to **exhaust** his **administrative** remedies, his reconsideration motion could not **toll** the six-month **statute** of **limitations** applicable to section 301 actions. See *id.* at 388. Thus, because Williams filed suit more than six months after he received the Board's January 1996 decision rejecting his appeal, the court ruled that his section 301 **claim** was barred. See *id.* at 389.

Evaluating Williams' remaining allegations, the court found that both the state law and **ERISA claims** accrued when Chrysler terminated him, on June 23, 1987. See *id.* at 390. Relying on previous district court decisions, the court stated that a three-year **statute** of **limitations** applied to these **claims** and therefore ruled that they also were barred. See *id.* at 390. Williams has appealed from the order entered January 8, 1998.

IV. DISCUSSION

A. *Standard of Review*

[1][2][3] **Review** of a district court's decision to grant a motion for summary judgment is plenary. See *Hilfirty v. Shipman,* 91 F.3d 573, 577 (3d Cir.1996). Summary judgment is appropriate only when "there is no genuine issue as to any material fact and the ... moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). If the evidence is such that a reasonable jury could return a verdict for the nonmoving party, then summary judgment should not be granted. See *Hilfirty,* 91 F.3d at 577. In determining whether summary judgment is appropriate, this court must draw all reasonable inferences for the nonmoving party, in this case, Williams. See *id.*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

163 F.3d 183                                                                 Page 5
163 F.3d 183, 160 L.R.R.M. (BNA) 2049, 137 Lab.Cas. P 10,315
**(Cite as: 163 F.3d 183)**

B. *Did Williams' Motion for Reconsideration Toll the Six Month Statute of Limitations for His Section 301 Claim?*

Williams' claim that Chrysler breached the collective bargaining agreement by terminating him, and that the Union breached its duty to fairly represent him by dropping his grievance against Chrysler, constitutes a hybrid action under section 301 of the LMRA, 29 U.S.C. § 185. See *187*DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151, 164-65, 103 S.Ct. 2281, 2290-91, 76 L.Ed.2d 476 (1983). The Supreme Court has ruled that the **statute** of **limitations** for such actions is six months. See *id.,* 462 U.S. at 171-72, 103 S.Ct. at 2294-95. Accordingly, the parties agree that the six-month **limitations** period applies to Williams' section 301 claim.

[4] The question before this court, therefore, is *when* Williams' section 301 **claim** accrued. The parties agree that the Union constitution required Williams to **exhaust** internal union remedies before bringing suit. They also agree that the constitution did not require him to request reconsideration of the Board's decision in order to **exhaust** these remedies. They disagree, however, on whether Williams' decision to pursue the optional reconsideration remedy **tolled** the **limitations** period.

The district court ruled that the reconsideration motion did not **toll** the **statute**. Treating the Union constitution as a contract, it reasoned that because the constitution did not require a union member to request reconsideration before filing suit, the action accrued after the Board issued its initial decision on January 9, 1996, and a reasonable time elapsed for Williams to receive it in the mail. See *Williams,* 991 F.Supp. at 387-88. We believe, however, that the determinative question posed by this appeal is not whether reconsideration requests in general toll the statute of limitations, but whether untimely requests for reconsideration toll the statute. [FN3]

> FN3. As a result, we express no opinion on whether a timely motion for reconsideration would have tolled the six-month limitations period.

[5] Applying its own rules, the Board found that Williams' reconsideration motion was untimely, and we are bound by this finding. Cf. *Whittle v. Local 641, Int'l Bhd. of Teamsters,* 56 F.3d 487, 490 n. 2 (3d Cir.1995) (stating that timeliness is a procedural issue and, in an arbitration proceeding, procedural issues are for the arbitrator to decide). In any event, the Board's determination clearly was correct, for as we have indicated, its rules provide that "[w]ithin thirty (30) days following receipt of a decision by the [Board], any party may file a written request for reconsideration." [FN4]

> FN4. We further note that the Board's Rules of Procedure permit it in its discretion to "waive ... any of [its] rules in any particular case, but only to the extent necessary to accomplish the purposes for which the [Board] was established." We are not concerned here with a situation in which the Board waived the 30-day period for filing requests for reconsideration and thus we express no opinion on whether such a waiver would toll the statute of limitations.

[6] We hold that an untimely motion for reconsideration pursuant to a union internal appeal procedure cannot toll the six-month statute of limitations as recognized by *DelCostello.* A contrary holding would permit a party to wait indefinitely to file a reconsideration motion and then claim that the statute was

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

tolled until he or she received notice of the motion's denial. In this case, Williams filed a motion for reconsideration more than three months after the Board's initial decision, well after the 30-day deadline for filing such motions. He now seeks to have the statute tolled for seven months, from January until August 1996, when he learned of the Board's denial of his motion. Although we do not believe that Williams was intentionally tardy in filing his motion, [FN5] a ruling that his claims were tolled under such circumstances merely would encourage late filing of motions for reconsideration. [FN6]

> FN5. In fact, at oral argument, Williams' attorney informed us that Williams was not represented by counsel in the months immediately following the Board's January 9, 1996 decision. Williams did obtain counsel in April 1996, however, and therefore an attorney represented him in time to file a section 301 action before the statute of limitations ran in July 1996.

> FN6. We note that in a different yet analogous context, the Federal Rules of Civil Procedure permit tolling of the time for appeal only in those cases where a party files a timely post-judgment motion. See Fed. R.App. P. 4(a)(4).

[7] Williams argues, however, that Chrysler and the Union should be estopped from claiming that his untimely reconsideration *188 motion failed to toll the statute because, by not immediately rejecting his motion, the Board led him to believe that his motion had been taken under advisement at a time within six months of January 9, 1996, when the Board rejected his appeal. This argument is unpersuasive. As the Supreme Court has recognized, albeit in a slightly different context, "[i]t would hardly be sensible to say that [a body] can genuinely deny reconsideration only when it gives the matter no thought...." *Interstate Commerce Comm'n v. Brotherhood of Locomotive Eng'rs,* 482 U.S. 270, 281, 107 S.Ct. 2360, 2367, 96 L.Ed.2d 222 (1987) (holding that when the Equal Employment Opportunity Commission denies reconsideration of a previous decision, its formal action, rather than its discussion, is dispositive). Thus, the Board's reflection on whether to grant the motion should not provide grounds for an estoppel **claim**. Cf. *Smith v. Evans,* 853 F.2d 155, 161 (3d Cir.1988) (rejecting party's **claim** that an untimely Federal Rule of Civil Procedure 59(e) motion **tolled** the time for appeal where the district court entertained the motion but never stated explicitly that it would be considered timely). Additionally, even if the estoppel **claim** were meritorious, Williams has waived it by failing to argue it in the district court. See *Harris v. City of Philadelphia,* 35 F.3d 840, 845 (3d Cir.1994). Accordingly, we conclude that Williams' section 301 **claim** is time-barred because he failed to file suit within six months after he learned of the Board's January 9, 1996 decision refusing to reinstate his grievance.

C. *Are Williams' ERISA and State Contract Claims Also Barred?*

At oral argument, Williams conceded that the success of his **ERISA** and state law contract **claims** hinges on the outcome of his section 301 **claim**. Thus, Williams acknowledged that these additional **claims** must fail if he cannot show that he in fact was terminated in violation of the collective bargaining agreement. Williams cannot make this showing unless we reverse the finding that his section 301 **claim** was not timely. Inasmuch as we already have concluded that Williams cannot succeed in his section 301 **claim** because it is time-barred, we reject his **ERISA** and state law contract **claims**. In the circumstances, we do not decide whether they were time-barred, as the district court ruled, or whether they were preempted by section 301, as suggested by Chrysler in its brief.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

```
163 F.3d 183                                                                    Page 7
163 F.3d 183, 160 L.R.R.M. (BNA) 2049, 137 Lab.Cas. P 10,315
(Cite as: 163 F.3d 183)
```

V. CONCLUSION

We will affirm the district court's order entered January 8, 1998, granting summary judgment to Chrysler and the Union on all of Williams' claims.

163 F.3d 183, 160 L.R.R.M. (BNA) 2049, 137 Lab.Cas. P 10,315

**Briefs and Other Related Documents (Back to top)**

- 1998 WL 34115844 (Appellate Brief) Reply Brief for Appellant (Sep. 09, 1998)

- 1998 WL 34115842 (Appellate Brief) Brief of Appellee Chrysler Corporation (Aug. 26, 1998)

- 1998 WL 34115843 (Appellate Brief) Brief for Appellees, Local 1183, United Automobile, Aerospace and Agricultural Implement Workers of America; International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (Aug. 24, 1998)

- 1998 WL 34115841 (Appellate Brief) Brief for Appellant (Jul. 27, 1998)

- 98-7108 (Docket) (Feb. 27, 1998)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2005, I electronically filed a true and correct copy of the Compendia to Defendants' Opening Brief in Support of Defendants' Motion for Summary Judgment using CM/ECF, which will send notification that such filing is available for viewing and downloading. I further certify that on September 30, 2005, I caused a copy of the Compendia to Defendants' Opening Brief in Support of Defendants' Motion for Summary Judgment to be served on the following counsel of record in the manner indicated below:

**HAND DELIVERY**

Joseph M. Bernstein, Esquire
800 North King Street, Suite 202
Wilmington, DE 19801

_____
Timothy J. Snyder (No. 2408)