# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALAN D. BARR and | : | |
| JOHN MALANDRUCCOLO, JR., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 04-1468 |
| | : | |
| CARPENTERS PENSION AND ANNUITY: | | |
| PLAN OF PHILADELPHIA AND | : | |
| VICINITY, successor by merger to | : | |
| CARPENTERS LOCAL 626 PENSION | : | |
| AND ANNUITY PLAN, | : | |
| | : | |
| Defendant. | : | |

## APPENDIX TO DEFENDANT'S OPENING BRIEF
## IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
## AGAINST PLAINTIFFS

Timothy J. Snyder (No. 2408)
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6645
Facsimile: (302) 576-3336
Email: tsnyder@ycst.com

Of Counsel:

Kent Cprek
JENNINGS SIGMOND, P.C.
510 Walnut Street, Suite 1600
Philadelphia, PA 19106-3683
(215) 351-0615

Counsel for Defendant

**Barr v. Carpenters Pension Plan**
**D. Del. 04-1468 KAJ**
**APPENDIX TO DEFENDANTS' OPENING BRIEF**
**ON SUMMARY JUDGMENT MOTION AGAINST PLAINTIFFS**
**TABLE OF CONTENTS**

| DEPOS. EXHIBIT # | DOCUMENT DATE | DOCUMENT | BATES EX. PAGE # |
|---|---|---|---|
| | | **ALAN D. BARR MATERIALS** | |
| 3 | 11/22/02 | Pension Application - Barr | A- 1 |
| 4 | 11/25/02 | Letter J Garnett, GEMGroup, to Barr re medical release | A- 4 |
| 5 | 12/02/02 | [Returned] Medical Release from Barr | A- 6 |
| 9 | 05/02/05 | Barr Response to Defendants' Document Request | A- 7 |
| 9 (B1) | 12/20/02 | Barr Social Security Disability Award | A- 9 |
| 9 (B2) | 12/27/02 | Letter J Garnett, GEMGroup, to Barr re pension options | A- 10 |
| 5a | 08/06/03 | Letter J Garnett, to Barr re initial determination | A- 10a |
| 9 (B3) | 07/20/04 | Letter S Ernsberger, GEMGroup, to Barr re appeal determination (duplicate identified in deposition) | A- 11 |
| 6 | 05/26/04 | Letter from Barr re appeal | A- 12 |
| 7 | 07/20/04 | Letter S Ernsberger, GEMGroup, to Barr re appeal determination | A- 13 |
| 10 | 2001 | Carpenters Local 626 Pension & Annuity Plan Summary Plan Description (excerpts) | A- 15 |
| | 05/16/05 | Deposition of Alan D. Barr | A- 26 |
| | | **JOHN MALANDRUCCOLO JR MATERIALS** | |
| 13 | 06/18/03 | Pension Application - John Malandruccolo, Jr | A- 68 |
| 14 | 02/07/05 | Malandruccolo Initial Disclosures | A- 72 |
| 14(M1) | 06/07/03 | Malandruccolo Social Security Disability Award | A- 74 |
| 17 | 07/11/03 | Letter from Malandruccolo re appeal | A- 75 |
| 14(M2) | 10/14/03 | Letter S Ernsberger, GEMGroup, to Malandruccolo re appeal | A- 76 |
| 14(M3) | 01/16/04 | Letter S Ernsberger, GEMGroup, to Malandruccolo re appeal determination | A- 77 |
| 14(M4) | 04/25/04 | Letter from Malandruccolo re renewed appeal | A- 78 |
| 14(M3) | 07/20/04 | Letter S Ernsberger, GEMGroup, to Malandruccolo re appeal determination | A- 79 |
| 15 | 2001 | Carpenters Local 626 Pension & Annuity Plan Summary Plan Description (excerpts) | A- 80 |
| | 05/16/05 | Deposition of John Malandruccolo, Jr. | A- 92 |
| | | **PLAN MATERIALS** | |
| | 06/15/05 | Deposition of Jane't Garnett. | A- 156 |
| G1 | 05/17/99 | Carpenters Local 626 Pension & Annuity Plan (excerpts) | A- 162 |
| G2 | 03/09/00 | Amendment - Carpenters Local 626 Pension & Annuity Plan | A- 178 |
| G2 | 07/31/01 | Amendment - Carpenters Local 626 Pension & Annuity Plan (Disability Benefits) | A- 179 |

Barr v. Carpenters Pension Plan
D. Del. 04-1468 KAJ
APPENDIX TO DEFENDANTS' OPENING BRIEF
ON SUMMARY JUDGMENT MOTION AGAINST PLAINTIFFS
TABLE OF CONTENTS

| DEPOS. EXHIBIT # | DOCUMENT DATE | DOCUMENT | BATES EX. PAGE # |
|---|---|---|---|
| G2 | 01/14/03 | Amendment - Carpenters Local 626 Pension & Annuity Plan (Disability Claims Procedures) | A- 182 |
| | 06/15/05 | Deposition of Scott Ernsberger | A- 185 |
| | 09/30/05 | Declaration of Kent Cprek | A-191 |
| | 10/25/77 | Agreement & Declaration of Trust - Local No. 626, UBC&JA Pension Fund (excerpts) | A-193 |

PENSION APPLICATION

## CARPENTERS LOCAL UNION NO. 626 PENSION FUND

**GEMGROUP**
Brandywine Corporate Center
650 Naamans Road   -   Suite 303
Claymont, DE  19703

NOV 22 2002

| DO NOT WRITE HERE — for use only |
|---|
| Application No. _____ |
| Photostats: |
| |
| |
| Date Filed: |

INSTRUCTIONS:
1. Please read each question carefully.
2. Print all information.
3. Be sure to answer all questions which apply to you. This will avoid delay in having your application processed.

4. Attach additional sheets if you need more space to answer any questions.
5. BE SURE TO SIGN AND DATE THE APPLICATION. (in ink)   PAGE 4
6. Mail the completed application and proof of age to the Fund Office at the above address.

PERSONAL DATA

1. Name __BARR__   __ALAN__   __R__
          (Last)         (First)        (Middle)

2. Address _319 Washington p.o. 0676 De. Cty__   __DE__   __19706__
          No. and Street       City              State    Zip

3. Social Security No. _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_   Phone No. _____

4. Date of Birth _4/04/53_   Attach proof of age. See instructions on page 4

5. Date you last worked, or will work in Covered Employment _5/12/02_ /

6. Date you plan to retire: Month _12-1-02_   Year _2002_

7. *Type of Pension*
   a) If eligible, I want to retire with a (check one type of Pension):
   ☐ Normal Retirement     For employees age 65 with at least 10 years of Pension Credit
   ☐ Early Retirement      For employees age 55-64 with at least 10 years of Pension Credit
   ☐ Supplemental          For employees age 60-61 with at least 15 years of Pension Credit
   ☑ Disability Retirement For employees with at least 2 years of Pension Credit. See #8 for classification & requirements.

8. DISABILITY PENSION

   Disability "A" — is available before attaining age 65 provided you qualify for a Social Security Disability Award and are totally and permanently disabled.

   If you are applying for a Disability "A" Pension, complete the following

   a) Are you receiving Social Security Disability Benefits?  Yes _____  No _✓_
      (If yes, attach approval of such benefits.)

   b) Have you applied for Social Security Disability Benefits? If so, when? _YES_  _6-01-02_

   c) Were you refused such Social Security Disability Benefits? Explain _no_
      _11-21-02_
   _TALKED TO. SSDI they said I was approved_
   _I am waiting for award statement_

BARR V. CARPENTERS PENSION PLAN, D DEL 04-1468 KAJ
DEFENDANTS' SUMMARY JUDGMENT APPENDIX                    PAGE A - 1

*Needs Quad duration Sample for [illegible] SS Award*

DISABILITY "B" BEFORE AGE 65 PROVIDED YOU ARE UNABLE TO WORK
IN ANY SUBSTANTIAL GAINFUL EMPLOYMENT, TO THE SOLE DISCRETION
OF THE TRUSTEES AND OPTION OF THE TRUSTEES

If you are applying for a Disability "B" Pension, please complete Page 3

9. **EMPLOYMENT HISTORY**

List below all names of your employers for *three* months prior to your retirement.

| Name of Employer | Street, City & State | Job Classification | Dates of Employment From Month / Year | Dates of Employment To Month / Year |
|---|---|---|---|---|
| MASON BUILDING GROUP | CARPENTER | 5/01 | 5/02 | |
| NEWARK DEL. 19703 | | | | |
| | | | | |
| | | | | |
| | | | | |

10. **INFORMATION ON SPOUSE**

Name _____
        (Last)           (First)           (Middle)

Address _____
        No. and Street      City      State      Zip

Social Security No. _____
                                    Date of Birth

11. **DEATH BENEFITS**

                        10,000
I hereby designate the following beneficiary to receive the $~~5,000~~ Post Retirement Death Benefit due under the Plan in the event of my death.

Name (in full) _REBA HUFF_          Relationship _FRIEND_

Address _126 MALONEY RD.     ELKTON   MD_
            (Street)              (City and State)

NOV 2 2 2002

— 2 —

BARR V. CARPENTERS PENSION PLAN, D DEL 04-1468 KAJ
DEFENDANTS' SUMMARY JUDGMENT APPENDIX              PAGE A – 2

I hereby apply for a Pension from the Carpenters Local Union #626 Pension Fund.

I certify that all of the foregoing is true and correct, to the best of my knowledge. I understand that a false statement may disqualify me for pension benefits, and that the Trustees shall have the right to recover any payments made to me because of a false statement.

Date  *12-21-02*                                    Signature  *Wm Barr*

When you submit an application to the Pension Fund, you will receive a letter acknowledging its receipt. If further information is required, you will be advised.

## INSTRUCTIONS ABOUT PROOFS OF AGE TO APPLICANT FOR PENSION

The acceptable proofs of your age are listed below in two groups. Submit a photostatic copy of one of the proofs listed in Group I if you have it, or can possibly obtain it, since this class of proof age is the more convincing.

If you cannot submit a proof in the Group I classification, submit photostatic copies of two (2) of the proofs listed in Group II. You are cautioned, however, that Naturalization Papers, United States Passports and Immigration Papers may not be photostated. If you are submitting any of these, you must submit the original. It will be returned to you.

Additional proofs of age may be requested if the documents you submit do not constitute convincing proof of your age.

### GROUP I

Submit one of these.   NOV 22 2002

1.  YOUR BIRTH CERTIFICATE, YOUR SPOUSE'S BIRTH CERTIFICATE (IF MARRIED) AND AND A COPY OF YOUR MARRIAGE CERTIFICARE.

### GROUP II

If neither of the above is available, then two of the following are required:

1.  Notification of registration of birth in a public registry of vital statistics.
2.  Certificate of age by the United States Census Bureau.
3.  Hospital birth records, certified by the custodian of such record.
4.  A foreign church or government record.
5.  A signed statement by the physician or midwife who was in attendance at birth, as to the date of birth shown on their record.
6.  Naturalization record (photostat not permitted: submit original).
7.  Immigration paper (photostat not permitted; submit original).
8.  Military record.
9.  Passport (United States passport may not be photostated; submit original).
10. School record, certified by the custodian of such record.
11. Vaccination record, certified by the custodian of such record.
12. An insurance policy at least five years old.
13. Marriage record (application for marriage license or church record, certified by the custodian of such record; or marriage certificate).
14. Confirmation record.
15. Other evidence, such as voting records, poll tax receipts, drivers' license, or signed statements from persons who have knowledge of the date of birth.

— 4 —

BARR V. CARPENTERS PENSION PLAN, D DEL 04-1468 KAJ
DEFENDANTS' SUMMARY JUDGMENT APPENDIX

PAGE A – 3

# CARPENTERS LOCAL UNION NO. 626
# HEALTH & WELFARE AND PENSION FUNDS

GEMGroup
Administrators
Brandywine Corporate Ctr
650 Naamans Rd, Ste 303
Claymont, DE 19703
Ph : (302) 798-6801
(800) 223-7405

November 25, 2002

Alan D Barr
319 Washington P.O. 0626
Delaware City, DE 19706

Dear Mr. Barr,

Enclosed you will find the Medical Release form in which you will need to file out completely.
If you have any questions please feel free to contact me.

Thanks

Jane't Garnett
GEM Group



MEDICAL RELEASE

IF APPLICATION IS FOR DISABILITY "B" PENSION, PLEASE COMPLETE
THIS FORM.

DATE _11-21-02_

I, _Alex Barr_ DO HEREBY AUTHORIZE THE DOCTOR OR
OTHER PARTY NAMED BELOW TO RELEASE ALL PERTINENT MEDICAL
RECORDS AND INFORMATION AS REQUESTED TO THE CARPENTERS
LOCAL 626 PENSION FUND IN CARE OF GEMGROUP AT 650 NAAMANS RD
SUITE 303, CLAYMONT DE 19703

DOCTOR OR OTHER: _Bikash Bose_
(PRINT NAME IN FULL)

(PRINT COMPLETE ADDRESS)

_____ ZIP _____

PHONE NUMBER (INCLUDING AREA CODE)

FAX NUMBER (INCLUDING AREA CODE)

APPLICANT'S SIGNATURE _Alex Barr_ SS# _222-38-95-88_

NOV 22 2002

BARR V. CARPENTERS PENSION PLAN, D DEL 04-1468 KAJ
DEFENDANTS' SUMMARY JUDGMENT APPENDIX          PAGE A – 5

RECEIVED
DEC  2 2002
BY:

MEDICAL RELEASE

IF APPLICATION IS FOR DISABILITY "B" PENSION, PLEASE COMPLETE
THIS FORM.

DATE    _11-01-02_

I, _Alan Barr_ DO HEREBY AUTHORIZE THE DOCTOR OR
OTHER PARTY NAMED BELOW TO RELEASE ALL PERTINENT MEDICAL
RECORDS AND INFORMATION AS REQUESTED TO THE CARPENTERS
LOCAL 626 PENSION FUND IN CARE OF GEMGROUP AT 650 NAAMANS RD
SUITE 303, CLAYMONT DE 19703

DOCTOR OR OTHER:    _Bikash    Bose   MD_
(PRINT NAME IN FULL)
_C 25  Omega   Dr_
(PRINT COMPLETE ADDRESS)
_Omega  Professional Center_
_Newark  Del._
ZIP _19713_
_302 - 738 - 9145_
PHONE NUMBER (INCLUDING AREA CODE)
_302  738 - 9148_
FAX NUMBER (INCLUDING AREA CODE)

APPLICANT'S SIGNATURE _Alan Barr_ SS# _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_



NOV 2 2 2002

BARR V. CARPENTERS PENSION PLAN, D DEL 04-1468 KAJ
DEFENDANTS' SUMMARY JUDGMENT APPENDIX

PAGE A – 6

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ALAN D. BARR and                                    :
JOHN MALANDRUCCOLO, JR.,                            :
    Plaintiffs,                                    :
                                                    :
    v.                                         :  Civil Action No. 04-1468  KAJ
                                                    :
CARPENTERS PENSION AND ANNUITY                      :
PLAN OF PHILADELPHIA AND VICINITY,                  :
successor by merger to CARPENTERS LOCAL             :
626 PENSION AND ANNUITY PLAN,                       :
    Defendant.                                 :

### PLAINTIFF ALAN D. BARR'S RESPONSE TO DEFENDANT'S
### REQUEST FOR PRODUCTION OF DOCUMENTS

    3.01: All Documents, Records and Summaries relating to the allegations in the Complaint.

       **Response:** See Document Nos Barr-1 through Barr-3 which have previously been

produced.

    3.02:  All Documents, Records and Summaries relating to your contacts with GEMGroup,
L.P. in connection with your application for benefits from the Plan.

       **Response:**  See Document Nos Barr-2 and Barr-3 attached hereto.  Additional

documents may be in the possession of GEMGroup.

    3.03:  All Documents, Records and Summaries relating to your contacts with other Plan
participants or their counsel concerning retroactive or other benefits from the Plan.

       **Response:** Plaintiff has had conversations with other Plan participants concerning

the subject of retroactive disability benefits.  Plaintiff does not have any documents that are within

the scope of this request.

    3.04:  All Documents, Records and Summaries relating to any application you filed for Social
Security disability benefits and any delay in processing of that application, including any denial of
benefits or appeal.



BARR V. CARPENTERS PENSION PLAN, D DEL 04-1468 KAJ
DEFENDANTS' SUMMARY JUDGMENT APPENDIX

**Response:** See Document No. Barr-1. All other documents within the scope of the request are in the possession of the Social Security Administration.

3.05: All Documents, Records and Summaries of workers' compensation benefits or other disability benefits and payment or settlement of such claims.

**Response:** Plaintiff has not filed any claim for workers' compensation benefits. Plaintiff has not filed any claim for disability benefits other than with Social Security and Local 626.

3.09: All Documents, Records and Summaries you received from the Plan, including summary plan descriptions and notices to participants.

**Response:** Plaintiff has received the following described documents, all of which are already in the possession of the defendant:

(1) Carpenters Local 626 Pension & Annuity Plan, as restated effective May 1, 1999, including all amendments thereto.

(2) Carpenters Local 626 Pension and Annuity Plan, Summary Plan Description (2001 Version)

(3) Letter from Carpenters Local 626 Board of Trustees dated April 15, 2004 summarizing changes to Plan effective after May 1, 2004.

(4) See the Response to Request 3.02

*Joseph M Bernstein*

JOSEPH M. BERNSTEIN (#780)
300 Delaware Avenue - Suite 1130
Wilmington, DE 19801
302-565-9850
Attorney for Plaintiff

Dated: May 2, 2005

Social Security Administration
**Retirement, Survivors and Disability Insurance**
Notice of Award

Office of Central Operations
1500 Woodlawn Drive
Baltimore, Maryland 21241-1500
Date: December 13, 2002
Claim Number: 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HA

1209 MCS,PC7,J,BA,858,J53          000811680 01 MR   0.309
ALAN D BARR
P O BOX 0626
DELAWARE CITY, DE 19706-0626

RECEIVED
DEC 2 0 2002
BY:

You are entitled to monthly disability benefits beginning November 2002.

**The Date You Became Disabled**

We found that you became disabled under our rules on May 12, 2002.

However, you have to be disabled for 5 full calendar months in a row before you can be entitled to benefits. For these reasons, your first month of entitlement to benefits is November 2002.

**What We Will Pay And When**

- You will receive $1,270.00 around December 19, 2002.

- This is the money you are due for November 2002.

- Your next payment of $1,287.00, which is for December 2002, will be received on or about the fourth Wednesday of January 2003.

- After that you will receive $1,287.00 on or about the fourth Wednesday of each month.

- These and any future payments will go to the financial institution you selected. Please let us know if you change your mailing address, so we can send you letters directly.

The day we make payments on this record is based on your date of birth.

Enclosure(s):
Pub 05-10153
Pub 05-10058

C

See Next Page

Barr-1

BARR V. CARPENTERS PENSION PLAN, D DEL 04-1468 KAJ
DEFENDANTS' SUMMARY JUDGMENT APPENDIX                    PAGE A – 9

# CARPENTERS LOCAL UNION NO. 626
# HEALTH & WELFARE AND PENSION FUNDS

GEMGroup
Administrators
Brandywine Corporate Ctr
650 Naamans Rd, Ste 303
Claymont, DE 19703
Ph : (302) 798-6801
(800) 223-7405

December 27, 2002

Alan D. Barr
PO Box 0626
Delaware City, DE 19706-0626

Dear Mr. Barr:

Based on current records of the fund office, your monthly benefit options as of
December 2002 is as follows:

| OPTIONS | AMOUNT PAYABLE TO PENSIONER | AMOUNT PAYABLE TO SPOUSE UPON YOUR DEATH |
|---|---|---|
| LIFE ONLY | $ 1,078.72 | NONE |
| LIFE/ WITH 66 MONTH CERTAIN | $ 1,072.18 PAYABLE ONLY IF PARTICIPANT DOES NOT RECEIVE ALL BENEFITS BEFORE DEATH | |

Enclosed are forms, which need to be completed and returned. If you have questions in regards to your
papers please call.

Sincerely
Gemgroup

Jane't Garnett

Barr-2

# CARPENTERS LOCAL 626 CONTRACTING
## HEALTH & WELFARE AND PENSION FUNDS

GEMGroup
Administrators
Brandywine Corporate Ctr
650 Naamans Rd, Ste 303
Claymont, DE 19703
Ph : (302) 798-6801
(800) 223-7405

August 6, 2003

Alan Barr
PO Box 0626
Delaware City, DE 19706-0626

Dear Mr. Barr

      In response to your concern regarding your effective date of your Carpenters Local 626 pension. Please be advice that according to the plan, pensions are always payable the first day of the month following the receipt of a completed application. Our office received your pension application on November 22, 2002 therefore your effective date is December 1, 2002.

      This is an initial determination by the Plan that your effective date for your Carpenters Local 626 pension is December 1, 2002. Any party who disagrees with this determination may file an appeal to the Trustees at the Plan Office, 650 Naamans Road, Ste. 303, Claymont, DE 19703. The appeal must be filed within 180 days of the date of this letter and should set forth reasons why you are entitled to a disability benefit under the Plan, including any documentation substantiating the claim. A claimant or his representative has the right to review the files of the Plan in connection with preparation of an appeal and to submit comments concerning the appeal. **This decision will become final and binding in the absence of a timely appeal.**

      An appeal will be docketed for consideration at the next meeting of the Board of Trustees, which is at least thirty (30) days after receipt of the appeal absent other notice. Special circumstances may require an extension of time for consideration of an appeal to no later than the third meeting of the Board following the Plan's receipt of the review request. You will be notified in writing of any such extension. This notice will include the special circumstances for which the extension is required and the date by which the Plan expects to render a decision on the appeal. Notification of a decision on appeal will be made not later than 5 days after the determination is made. A claimant who disagrees with the Plan's decision or lack thereof may file suit in Federal court under Section 502(a) of ERISA following an adverse benefit determination on appeal or the lack of a timely response.

Sincerely,

*Jane't Garnett*

Jane't Garnett

5A

# CARPENTERS LOCAL UNION NO. 626
# PENSION AND ANNUITY PLAN

Fund Office: GEMGroup, Administrator, Brandywine Corporate Center, 650 Naamans Road, Suite 303, Claymont, DE 19703
Phone: (302) 798-6801 / (800) 223-7405 / Fax: (302) 798-6929

July 20, 2004

Mr. Alan Barr
319 Washington
P. O. Box 326
Delaware City, DE 19706

Dear Mr. Barr:

At the meeting held on July 13, 2004, the Board of Trustees of the Carpenters Local 626 Pension Fund ("the Plan") reviewed your appeal requesting a disability pension retroactive effective date. Following careful review, the Trustees have resolved to deny your appeal.

Your existing monthly disability pension benefit from the Carpenters Local 626 Pension & Annuity Plan was approved by the Trustees effective December 1, 2002. As you note in your appeal, the Social Security Administration approved a Social Security Disability Award to you with a date of disability of May 12, 2002 and a disability benefit effective date of November 2002.

Under the Plan, the pension benefit effective date cannot be earlier than the first day of the month following the Fund Office receipt of the participant's application for benefits. The Plan provides under Article 5, Payment of Benefits, Section 5.01 General Conditions that, "Benefits will only be paid to Vested Participants and their Spouses and Beneficiaries. **Payment will not otherwise be made until a complete application is filed** or before Retirement, separation from service, death, Disability or termination of the Plan unless required by law . . ." Enclosed is a copy of page 14 from the Pension Plan providing this language for your review. Since your application for benefits was received at the Fund Office on November 22, 2002, your disability pension effective date under the Plan is December 1, 2002, regardless of the effective date of your Social Security Disability Award or the commencement date of your disability. Your appeal has been denied in accordance with Plan provisions.

This represents a final determination of the Plan on appeal that you are not entitled to an earlier disability pension effective date. We have enclosed copies of all relevant Plan provisions on which the determination is based. All remedies available under the Plan have been exhausted. The Plan has no further voluntary appeal procedures. A claimant is entitled to receive, upon request and payment of copying cost at $.25 per page, reasonable access to and copies of, all documents, records, and other information relevant to the claimant's claim for benefits. A claimant who disagrees with the Plan's decision or lack thereof may file suit in federal court under Section 502(a) of ERISA, 29 U.S.C. §1132(a), following an adverse benefit determination on appeal or the lack of a timely response.

Sincerely,

Scott A. Ernsberger
Fund Manager/GEMGroup

Enclosure
Cc:     Jane't Garnett, Lorna Lang, Pam Ellis

Barr-3

BARR V. CARPENTERS PENSION PLAN, D DEL 04-1468 KAJ
DEFENDANTS' SUMMARY JUDGMENT APPENDIX

PAGE A – 11

Dear Jeanette

I would like to appeal the last decision on the back pay I requested, to the board of Trustee's. I was disabled on may 12th 02. You payed me starting in Dec of 02. I feel and was advised that I should be paid those six months. I will wait your decision before I take legal action!

Alan Barr
319 Washington
P.O. Box 0636
De City De 19706

# 302-388-2396



DEFENDANT'S
EXHIBIT

6

BARR V. CARPENTERS PENSION PLAN, D DEL 04-1468 KAJ
DEFENDANTS' SUMMARY JUDGMENT APPENDIX              PAGE A – 12

# CARPENTERS LOCAL UNION NO. 626
## PENSION AND ANNUITY PLAN

Fund Office: GEMGroup, Administrator, Brandywine Corporate Center, 650 Naamans Road, Suite 303, Claymont, DE 19703
Phone: (302) 798-6801 / - (800) 223-7405 / Fax: (302) 798-6929 .

July 20, 2004

Mr. Alan Barr
319 Washington
P. O. Box 326
Delaware City, DE 19706

Dear Mr. Barr:

At the meeting held on July 13, 2004, the Board of Trustees of the Carpenters Local 626 Pension Fund ("the Plan") reviewed your appeal requesting a disability pension retroactive effective date. Following careful review, the Trustees have resolved to deny your appeal.

Your existing monthly disability pension benefit from the Carpenters Local 626 Pension & Annuity Plan was approved by the Trustees effective December 1, 2002. As you note in your appeal, the Social Security Administration approved a Social Security Disability Award to you with a date of disability of May 12, 2002 and a disability benefit effective date of November 2002.

Under the Plan, the pension benefit effective date cannot be earlier than the first day of the month following the Fund Office receipt of the participant's application for benefits. The Plan provides under Article 5, Payment of Benefits, Section 5.01 General Conditions that, "Benefits will only be paid to Vested Participants and their Spouses and Beneficiaries. **Payment will not otherwise be made until a complete application is filed** or before Retirement, separation from service, death, Disability or termination of the Plan unless required by law . . ." Enclosed is a copy of page 14 from the Pension Plan providing this language for your review. Since your application for benefits was received at the Fund Office on November 22, 2002, your disability pension effective date under the Plan is December 1, 2002, regardless of the effective date of your Social Security Disability Award or the commencement date of your disability. Your appeal has been denied in accordance with Plan provisions.

This represents a final determination of the Plan on appeal that you are not entitled to an earlier disability pension effective date. We have enclosed copies of all relevant Plan provisions on which the determination is based. All remedies available under the Plan have been exhausted. The Plan has no further voluntary appeal procedures. A claimant is entitled to receive, upon request and payment of copying cost at $.25 per page, reasonable access to and copies of, all documents, records, and other information relevant to the claimant's claim for benefits. A claimant who disagrees with the Plan's decision or lack thereof may file suit in federal court under Section 502(a) of ERISA, 29 U.S.C. §1132(a), following an adverse benefit determination on appeal or the lack of a timely response.

Sincerely,

Scott A. Ernsberger
Fund Manager/GEMGroup

Enclosure
Cc:    Jane't Garnett, Lorna Lang, Pam Ellis

DEFENDANT'S EXHIBIT

7

ARTICLE 5
PAYMENT OF BENEFITS

**5.01  General Conditions.**  Benefits will only be paid to Vested Participants and their Spouses and Beneficiaries. Payment will not otherwise be made until a complete application is filed or before Retirement, separation from service, death, Disability or termination of the Plan unless required by law. Payment of the accrued benefit (and any subsidies or ancillary benefits) to or with respect to a Participant under the Plan shall not be duplicated. No more than one form of payment or benefit shall be paid for any one month notwithstanding the occurrence of multiple retirement events or the existence of multiple payment options in or before the month.

**5.02  Small Benefits.**  The Trustees shall pay any benefit with an Actuarial Equivalent of $3,500 or less in a lump sum without the consent of a Participant or Spouse.

**5.03  Required Payments.**  Payment of benefits must begin by April 1 after the close of the calendar year in which a Vested Participant attains age 70½ in the Normal Form. Absent the consent of a Participant, payment of the Normal Retirement Benefit will begin in the Normal Form not later than the sixtieth (60th) day after the close of the calendar year including the latest of his 65th birthday, the tenth (10th) anniversary of his most recent Entry Date or permanent separation from Industry Service.

**5.04  Basic Form.**  The basic form of benefit payment under the Plan is a monthly single life annuity beginning on the first day of the month after Retirement or, if earlier, Normal Retirement Age, for the life of the Participant with a guarantee of sixty-six (66) monthly payments. The basic form is the normal form of payment for an unmarried Participant.

**5.05  Optional Forms.**  A Participant or Spouse may choose an optional form of payment.

(a)  An unmarried Participant may choose a single life annuity in place of the Basic Form (and its associated death benefits) or a lump sum payment of the Severance Benefit Account in place of monthly payments.

(b)  With the consent of his Spouse, a married Participant may choose a single life annuity or the Basic Form in place of the Joint and Survivor Annuity or a lump sum payment of the Severance Benefit Account in place of monthly payments.

(c)  A Spouse may choose a lump sum payment of the Severance Benefit Account or the Actuarial Equivalent of monthly survivor benefits after the death of an Employee in place of monthly payments.

**5.06  Suspension of Early Retirement Benefits.**  Payment of any benefit other than the Normal Retirement Benefit will stop at the beginning of the first month in which an Employee is employed in construction work.

(a)  Any overpayment of benefits before discovery of the reemployment may be recovered from future benefit payments in any fashion which does not impair the Normal Retirement Benefit.

4096.3

BARR V. CARPENTERS PENSION PLAN, D DEL 04-1468 KAJ
DEFENDANTS' SUMMARY JUDGMENT APPENDIX

PAGE A – 14

# CARPENTERS LOCAL 626
# PENSION AND ANNUITY PLAN



## SUMMARY PLAN DESCRIPTION
## ACTIVE EMPLOYEES

### 2001 Version

**The Fund Office must be notified in writing if:**

- **You designate or change your beneficiary. You must use the Plan form from the Fund office and have you spouse's signed consent on the form to designate anyone other than your spouse as your beneficiary.**

- **You get married or divorced. You must submit a marriage certificate or license for a marriage and a divorce decree to document a divorce. The Fund Office must be notified of any Qualified Domestic Relations Order.**

- **Your spouse dies. You must submit a death certificate.**

- **You change your address.**

**GEMGroup, Inc.
650 Naamans Road - Suite 303
Claymont, DE 19703
(302) 798-6801
(800) 223-7405**



*10*

**This booklet only applies to active working Local 626 Carpenters on or after May 1, 1993 and certain employees who return to Local 626 work for at least 800 hours in a Plan Year (May 1-April 30) beginning after April 30, 1993. The benefits for others are different and are summarized in a different booklet.**

*2001*

*54556-3*

BARR V. CARPENTERS PENSION PLAN, D DEL 04-1468 KAJ
DEFENDANTS' SUMMARY JUDGMENT APPENDIX

PAGE A – 15

## TABLE OF CONTENTS

**ELIGIBILITY** .................................................................................................1

What is this plan? ...............................................................................1
Who is an "Active Participant" who is eligible for the benefits in this booklet? ..............1
How do I become eligible to participate in the plan?...............................................2
What are the length of service (vesting) requirements to receive benefits? .................2
How do I count hours for eligibility?......................................................................3
What happens to my work credits if I stop working in the Local 626 jurisdiction? .........4
Can I get my work credits back?...........................................................................5

**BENEFIT CALCULATIONS** ...........................................................................5

What do I get in benefits? ....................................................................................5
How much do I get for past service before 1965? ................................................6
How much do I get for service from 1965 to 1974? .............................................6
What about benefits for work from 1974 to 1996? ..............................................6
What about benefits after April 30, 1996? ...........................................................7
How does the Severance (or "Annuity") Account work? ......................................8
Is there a minimum benefit under the prior formula? ...........................................9

**PAYMENT OF BENEFITS** ............................................................................10

When can I retire and get my normal retirement benefit? ...................................10
Can I get benefits before normal retirement age? ..............................................10
How do I calculate "Benefit Years" for early retirement eligibility? .....................10
What is Special Early Retirement? .....................................................................10
What about regular early retirement? ..................................................................11
What if I am disabled? .........................................................................................12
What happens with my severance (annuity) account? ........................................12
Can I get my annuity money in a lump sum?.......................................................13
What are the choices on payment of regular monthly pension benefits for an
unmarried participant?.........................................................................................14
What are the choices on payment of regular monthly pension benefits for a married
participant?..........................................................................................................15
Can my benefits be lost? ....................................................................................15
What happens if I go back to work?.....................................................................15

**SPOUSE AND SURVIVOR BENEFITS** .......................................................16

What are my spouse's rights? .............................................................................16
How does a surviving spouse benefit affect my pension? ..................................16
Can my spouse waive her rights?........................................................................18
What if I get divorced? .........................................................................................18
Is there a surviving spouse benefit before retirement? .......................................18
Are there death benefits for anyone other than a surviving spouse?...................20
What if I make my spouse my beneficiary? .........................................................21

**BENEFIT EXAMPLES** .................................................................................21

How does this all work for an unmarried participant at normal retirement age? .........21
How does this work for a married participant at normal retirement age?...................22

*2001*                                                                      *54556.3*

BARR V. CARPENTERS PENSION PLAN, D DEL 04-1468 KAJ
DEFENDANTS' SUMMARY JUDGMENT APPENDIX          PAGE A – 16

**CARPENTERS 626 PENSION & ANNUITY SPD**                                    **PAGE ii**

How does this work for special early retirement? .......................................... 23
How does regular early retirement work? ................................................... 24
How does this work if I die before retirement? ............................................ 25

**CLAIMS AND ADMINISTRATION** ................................................................ 26

What do I have to do to claim my benefits? ................................................ 26
Who pays for this Plan and how? ............................................................... 26
Who runs this Plan? .................................................................................... 27
Can this Plan be changed or terminated? .................................................. 27
How can I get more information on the Plan? .............................................. 28
What rights do I have under federal law? .................................................... 29

**PLAN IDENTIFICATION INFORMATION** ..................................................... 31

54556-3

BARR V. CARPENTERS PENSION PLAN, D DEL 04-1468 KAJ
DEFENDANTS' SUMMARY JUDGMENT APPENDIX                    PAGE A – 17

CARPENTERS 626 PENSION & ANNUITY  SPD                           PAGE 10

**PAYMENT OF BENEFITS**

**When can I retire and get my normal retirement benefit?**

Your full unreduced earned monthly benefit can be paid after you vest and reach age 65. Your benefit will be paid after you stop carpentry work in Delaware and Maryland and surrounding metropolitan areas and file a benefit application. The Plan will begin payments to you after you reach age 70½ even if you do not apply and continue working.

**Can I get benefits before normal retirement age?**

You can get your full earned monthly benefit before age 65 by qualifying for Special Early Retirement or if you become disabled. You may also receive reduced early retirement benefits. The availability of these options depends on the number of "Benefit Years" you earn and other conditions.

**How do I calculate "Benefit Years" for early retirement eligibility?**

Your right to take early retirement (either as a reduced benefit, an unreduced benefit or in the special early form) and disability retirement depends on your years of benefit credit. The rules on this credit are different from the rules used on vesting credit so your "Vesting Years" and "Benefit Years" can be different.

A Benefit Year is credited at one (1) year for each Plan Year (May 1 - April 30) with 800 or more contributory hours, a half year for each Plan Year with 400 to 799 contributory hours and no credit below 400 contributory hours. You cannot get more than one Benefit Year in a Plan Year.

Your "Benefit Years" for retirement eligibility are based <u>solely</u> on the following.

- <u>Contributory Hours.</u> Hours of work with Local 626 employers for which contributions to the Local 626 Pension Plan are required, including Delinquent Hours credited for participation and vesting.

- <u>Reciprocal Hours.</u> Paid reciprocal hours

- <u>Military Hours.</u> Military service as provided by federal law.

These categories are described in greater detail in the section on Eligibility.

There is no credit toward a Benefit Year for non-contributory work or leave other than military service. A reciprocal or overtime contribution over or under the standard pension rate will give you a proportionate hours credit for work on or after May 1, 1999 as explained in the section on calculating benefits.

**What is Special Early Retirement?**

Special early retirement gives you your earned monthly benefit and a supplement until the month you turn 65. The supplement equals your past service benefit at $20 per year of service (for work before 1965) plus 4 cents per hour for hours after 1965 until the month you turn 62 and then half of that amount until the month you reach age 65. (The supplement is not included as part of a survivor annuity or death benefit.) **The special early retirement benefit stops if you return to construction work and cannot be reinstated.**

You can take special early retirement if you are an active participant when you retire from Local 626 Plan work after age 60 with 15 or more Benefit Years. You are an "active participant" at the time of retirement for this purpose if you:

- Worked 400 or more hours in contributory Local 626 work in the previous Plan Year (May 1-April 30).

- Worked 250 or more hours in contributory Local 626 work in the two prior Plan Years (May 1 - April 30), or

- Were disabled and unable to work in Local 626 work in the last two (2) Plan Years by reason of disability.

You can also take Special Early Retirement if you leave contributory Local 626 Pension Plan work after age 50 and at least 25 Benefit Years. You must wait until age 60 for payment but do not have to be an "active participant" when you retire under this rule.

### What about regular early retirement?

You can retire early after you turn 55 with credit for 10 Benefit Years even if you are not actively at work under the Local 626 Plan. If you take early retirement, your normal monthly benefit will be reduced unless you satisfy the following rules.

- You ceased to be an active participant after May 1, 1997 and after turning 50, and

- You have credit for at least 25 Benefit Years.

If you take early retirement, you cannot take Special Early Retirement benefits later. Unlike Special Early Retirement, this option can resume if go back to work and retire again.

The early retirement reduction is ½% for each month between the date your pension starts and your 62d birthday if you are an active participant at retirement. For other vested participants, the reduction applies to each month between the date your pension starts and your 65th birthday.

You are an active participant for this purpose if you satisfy any of the active participant tests for a Special Early Retirement benefit. You will also be treated as active for the early retirement reduction if you did not get enough hours due to a lack of work if you were available for and actively seeking Local 626 work before your retirement.

*2001*                                                                 *54556-3*

The percentage reductions at the more common retirement ages are as follows for inactive and active participants at retirement:

| Retirement Age | Inactive Percentage Reduction | Active Percentage Reduction |
|---|---|---|
| 62 | 18% | 0% |
| 60 | 30% | 12% |
| 55 | 60% | 42% |

**What if I am disabled?**

You can retire early after a disability. If you have more than ten (10) Benefit Years of credit (800 or more contributory hours for a Plan Year), the disability need only prevent you from performing the principal functions of a carpenter. If you have less than ten (10) years of benefit credit, you must be totally disabled from all work under the rules for Social Security disability benefits.

Disability pension payments cannot be paid while you are receiving sickness and accident benefits from the Local 626 Welfare Plan. The monthly benefit is equal to the greater of the participant's earned monthly pension or $100. A supplement of $75 is payable each month from the date the disability pension starts until Medicare begins.

There is a cap of sixty (60) monthly disability payments in the absence of a Social Security disability benefit award. If you take a disability pension, you cannot take Special Early Retirement later unless you recover and return to regular work

The benefit for a participant with an award of Social Security disability benefits is payable while you are disabled. If you remain disabled until normal retirement age, you will be treated as taking normal retirement at that time. A disability pension offers the same payment forms as other pensions so that your spouse or beneficiary can be protected if you die while disabled. Your disability pension payments thus reduce the 66-month guarantee of payments.

**What happens with my severance (annuity) account?**

You can take your annuity account on retirement or after an absence from construction work for two consecutive Plan Years. Your severance (or "annuity") account balance can be paid as an additional monthly benefit or in a lump sum. It is separate and different from the Carpenters Local 626 Retirement Savings Plan.

You and your spouse, if any, have several options on the annuity account. The basic form for a single Participant is a "straight life annuity" which pays monthly benefits during your life. The basic form for a married Participant is the joint and 50% survivor annuity. The annuity account will be paid in the basic form unless both you and , if you are married, your spouse agree on a different form. You (and your spouse) may also choose a lump sum payment for the Annuity Account.

CARPENTERS 626 PENSION & ANNUITY SPD

married) over the amounts paid to Buffy.

If Dion had not been married to Buffy at his death, Sonny would have received a death benefit on Dion's death of 66 times his earned monthly pension of $800.00, for a total of $52,800.00. Buffy received $10,000.00 plus 60 payments of $400.00 for a total of $34,000.00. The difference of $18,800.00 is payable to Sonny as a death benefit upon application within five years of Buffy's death.

**The death benefits are very different for employees with less than 10 years of service. They require separate actuarial calculations and are not included in the examples in this booklet.**

## CLAIMS AND ADMINISTRATION

**What do I have to do to claim my benefits?**

You have to file a complete application with the Plan office to receive benefits. You can call or write the Plan office for the proper forms. Once you file an application, the Plan office will either advise you of your benefit payments options or send you a denial notice.

If you receive a denial notice or no response within ninety (90) days of your application, you can file an appeal to the trustees. The plan can take up to 180 days as long as it tells you that more time is needed within 90 days.

An appeal must be filed within sixty (60) days after you receive the denial notice. You must state all the facts and reasons about your disagreement with the denial notice. You have the right to review documents, submit comments and request a hearing.

The Board of Trustees normally will consider an appeal at their regular quarterly meeting scheduled at least 30 days after your appeal is received. Consideration can be delayed to the following quarterly meeting in special circumstances, such as a need for further information or a personal hearing. You should receive notice of any delay past 120 days. After a decision, the Plan will mail an explanation to you.

If the Plan denies your claim or fails to respond to your appeal on a timely basis, you can go to court. If you go to court before then, the court can dismiss your case for not coming to the Plan first.
Your court papers can be served on the Plan office or a trustee. The decision of the Plan is normally final in court. You normally must have more than a simple disagreement on interpretation of the plan and its rules. The court will decide who should pay court costs and legal fees. If you are successful, the court may order the person you have sued to pay these costs and fees. If you lose, the court may order you to pay these costs and fees, for example, if it finds your claim is frivolous.

**Who pays for this Plan and how?**

The employers make regular contributions to the Plan at the rates in its contract with

54556-3

2001

BARR V. CARPENTERS PENSION PLAN, D DEL 04-1468 KAJ
DEFENDANTS' SUMMARY JUDGMENT APPENDIX

PAGE A – 21

Local 626 or reciprocal agreements. No employee contributions are required or permitted.

You can get a copy of a complete list of contributing employers on written request or examine it at the Plan office The Plan office will also tell you whether a particular employer contributes to the Plan on written request.

There are special 40-hour minimum contribution rule for employees who are not considered part of the Local 626 bargaining unit. Failure to comply with these rules may result in ineligibility for benefits.

**Who runs this Plan?**

The Pension Plan is administered as a separate plan within the Local No. 626, UBC&JA Pension Fund ("Pension Fund"). The Pension Fund also covers the Carpenters Local 626 Retirement Savings Plan ("Retirement Savings Plan"). The Trustees of the Pension Fund are the plan sponsor for both the Pension Plan and the Retirement Savings Plan.

The Trustees are a board of union and employer trustees. The Delaware State Regional Council of Carpenters chooses the Union representatives. The Delaware Contractors Association chooses the employer representatives. The day-to-day operation of the Plan is handled by the Plan office under the direction of GEMGroup, Inc.

Any Trustee who is a full-time employee of Local 626 or a contributing employer serves without pay except out-of-pocket expenses. The Plan has provisions which limit the personal liability of all Trustees to the legal minimum. The Plan also requires that the Plan pay any legal costs or damages they incur in defending their actions with respect to the Plan to the maximum extent permitted by law.

**Can this Plan be changed or terminated?**

The Trustees have the power to amend or terminate the Plan at any time. This power includes amendments or terminations involving merger, consolidation or a transfer of Plan assets or liabilities in accordance with ERISA. Your existing accrued benefit (which excludes most death and disability benefits) normally may not be reduced as a result of an amendment, merger, consolidation or transfer of assets.

This Plan can terminate in a number of ways:

- The adoption of a Plan amendment which provides that employees will receive no credit for any purpose under the Plan for service with any employer after the date(s) specified by the amendment terminates the Plan.

- A mass or complete withdrawal of every employer from the Plan, through a permanent cessation of operations or termination of the obligation of all employers to contribute to the Plan, freezes benefits and terminates the Plan as a matter of law.

- The adoption of an amendment which causes the Plan to become a defined

*2001*                                                                    *54556-3*

contribution (individual account) Plan is also a legal termination.

- A court can terminate the Plan if the Plan fails to satisfy minimum funding requirements, is unable to pay benefits when due or shows the potential to create a long run loss to the Pension Benefit Guaranty Corporation (PBGC) which reasonably may be expected to increase unreasonably the insurance exposure of PBGC.

On termination, the rights of all affected employees will vest to the extent then funded. After termination, the Plan may only pay benefits which had become vested before termination and may or must by law reduce benefits in certain situations

Your pension benefits under this multiemployer plan are insured by the Pension Benefit Guaranty Corporation (PBGC), a federal insurance agency. A multiemployer plan is a collectively bargained pension arrangement involving two or more unrelated employers, usually in a common industry. Under the multiemployer plan program, the PBGC provides financial assistance through loans to plans that are insolvent. A multiemployer plan is considered insolvent if the plan is unable to pay benefits (at least equal to the PBGC's guaranteed benefit limit ) when due.

The maximum benefit that the PBGC guarantees is set by law. Under the multiemployer program, the PBGC guarantee equals a participant's years of service multiplied by (1) 100% of the first $11 of the monthly benefit accrual rate and (2) 75% of the next $33. The PBGC's maximum guarantee limit is $35.75 per month times a participant's years of service. For example, the maximum guaranteed for a retiree with 30 years of service would be $1,072.50 per month or $12,870 per year.

The PBGC guarantee generally covers: (1) Normal and early retirement benefits; (2) disability benefits if you become disabled before the plan becomes insolvent; and (3) certain benefits for your survivors. The PBGC guarantee generally does not cover: (1) Benefits greater than the maximum guaranteed amount set by law; (2) benefit increases and new benefits based on plan provisions that have been in place for fewer than 5 years at the earlier of: (i) The date the plan terminates or (ii) the time the plan becomes insolvent; (3) benefits that are not vested because you have not worked long enough; (4) benefits for which you have not met all of the requirements at the time the plan becomes insolvent; and (5) non-pension benefits, such as health insurance, life insurance, certain death benefits, vacation pay, and severance pay.

For more information about the PBGC and the benefits it guarantees, contact the PBGC's Technical Assistance Division, 1200 K Street, N.W., Suite 930, Washington, D.C. 20005-4026 or call 202-326-4000 (not a toll-free number). TTY/TDD users may call the federal relay service toll-free at 1-800-877-8339 and ask to be connected to 202-326-4000. Additional information about the PBGC's pension insurance program is available through the PBGC's website on the Internet at http://www.pbgc.gov.
**How can I get more information on the Plan?**

This plan is administered under a contract with GEMGroup, Inc.  You can contact the trustees or write the Plan at the following address:

Carpenters Local 626 Pension & Annuity Plan
c/o GEMGroup, Inc.
650 Naamans Road, Suite 303
Claymont, DE 19703
302-798-6801

It is important that you know the formal name of the plan and put it on your letters as the administrative office handles plans for a number of unions and groups.

**What rights do I have under federal law?**

As a participant in the Carpenters Local 626 Pension and Annuity Plan, you are entitled to certain rights and protections under the Employee Retirement Income Security Act of 1974 (ERISA). ERISA provides that all plan participants shall be entitled to:

Receive Information About Your Plan and Benefits

- Examine, without charge, at the plan administrator's office and at other specified locations, such as worksites and union halls, all documents governing the plan, including insurance contracts and collective bargaining agreements, and a copy of the latest annual report (Form 5500 Series) filed by the plan with the U.S. Department of Labor and available at the Public Disclosure Room of the Pension and Welfare Benefit Administration.

- Obtain, upon written request to the plan administrator, copies of documents governing the operation of the plan, including insurance contracts and collective bargaining agreements, and copies of the latest annual report (Form 5500 Series) and updated summary plan description. The administrator may make a reasonable charge for the copies.

- Receive a summary of the plan's annual financial report. The plan administrator is required by law to furnish each participant with a copy of this summary annual report.

- Obtain a statement telling you whether you have a right to receive a pension at normal retirement age (generally age 65) and if so, what your benefits would be at normal retirement age if you stop working under the plan now. If you do not have a right to a pension, the statement will tell you how many more years you have to work to get a right to a pension. This statement must be requested in writing and is not required to be given more than once every twelve (12) months. The plan must provide the statement free of charge.

Prudent Actions by Plan Fiduciaries

In addition to creating rights for plan participants ERISA imposes duties upon the people who are responsible for the operation of the employee benefit plan. The people who operate your plan, called "fiduciaries" of the plan, have a duty to do so prudently and in

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ALAN D. BARR and                          :
JOHN MALANDRUCCOLO, JR.,                   :
    Plaintiffs,                           :
                                          :
    v.                                    :   Civil Action No. 04-1468  KAJ
                                          :
CARPENTERS PENSION AND ANNUITY            :
PLAN OF PHILADELPHIA AND VICINITY,        :
successor by merger to CARPENTERS LOCAL:
626 PENSION AND ANNUITY PLAN,              :
    Defendant.                            :

### PLAINTIFF ALAN D. BARR'S INITIAL DISCLOSURES UNDER FED. R. CIV. P. 26(a)

    In accordance with the provisions of Fed. R. Civ. P. 26(a), the plaintiff hereby provides the following information:

    1. The name address and telephone number of each person with knowledge of the facts relating to the litigation.

    **Response:**  The following persons have knowledge of facts relating to the litigation:

        (1) Alan D. Barr, PO Box 326, Delaware City, DE 19706; 302-388-2396;

        (2) Records Custodian, Social Security Administration, Suite 200, 92 Reads Way, New Castle, DE 19720; 302-323-0304;

        (3) Scott Ernsberger and Jane't Garnett, GEMGroup, 650 Naamans Road, Suite 303, Claymont, DE 19703, 302-798-6801.

    2. Materials of the kind described in Fed. R. Civ. P. 26(a)(1)(B) in the possession, custody or control of plaintiff that are relevant to disputed facts alleged in the pleadings.

    **Response:**  See Document Nos. Barr-1 through Barr-3 attached hereto.



BARR V. CARPENTERS PENSION PLAN, D DEL 04-1468 KAJ
DEFENDANTS' SUMMARY JUDGMENT APPENDIX

1                              Barr

2          IN THE UNITED STATES DISTRICT COURT

3              FOR THE DISTRICT OF DELAWARE

4

5                    ---              ORIGINAL

6

7
    ALAN D. BARR and        : Civil Action
8   JOHN MALANDRUCCOLO,     : No. 04-1468 KAJ
    JUNIOR                  :
9                           :
          vs.               :
10                          :
    CARPENTERS PENSION AND:
11  ANNUITY PLAN OF         :
    PHILADELPHIA AND        :
12  VICINITY, successor by:
    merger to CARPENTERS    :
13  LOCAL 626 PENSION AND :
    ANNUITY PLAN            :
14

15                    ---
                 May 16, 2005
16          Philadelphia, Pennsylvania

17                    ---

18

19       Oral deposition of ALAN D. BARR, taken in
    the offices of Jennings & Sigmond, 510 Walnut
20  Street, 16th Floor, on the above date, commencing
    at 10:37 a.m., before Janice M. Leaman, a Notary
21  Public and Approved Reporter of the United States
    District Court for the Eastern District of
22  Pennsylvania.
                      ---
23
            KAPLAN, LEAMAN & WOLFE
24      Registered Professional Reporters
        The Bourse, 21 South Fifth Street
25          Philadelphia, Pennsylvania
                (215) 922-7112

                 Kaplan, Leaman & Wolfe
                   215.922.7112

```
 1                            Barr

 2

 3    APPEARANCES:

 4        JOSEPH M. BERNSTEIN, ESQUIRE
          800 North King Street, Suite 302
 5        Wilmington, Delaware 19801
          Attorney for Plaintiffs
 6
          JENNINGS, SIGMOND
 7        BY:  KENT CPREK, ESQUIRE
          510 Walnut Street, 16th Floor
 8        Philadelphia, Pennsylvania 19106
          Attorney for Defendants
 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Kaplan, Leaman & Wolfe
215.922.7112

1                           Barr

2                   (It is hereby stipulated and agreed

3       by and  between counsel that signing, sealing,

4       certification and filing of the within deposition

5       are hereby waived; that all objections except as

6       to the form of the question be reserved until the

7       time of trial.)

8                   ALAN D. BARR, having been first duly

9       sworn, was examined and testified as follows:

10      BY MR. CPREK:

11          Q.    Good morning, Mr. Barr.   My name is

12      Kent Cprek.   I'm with the office of Jennings,

13      Sigmond, and I am working with Tim Snyder in

14      Delaware.

15                   Have you ever been in a deposition

16      before?

17          A.    Yes.

18          Q.    First of all, can you state your name,

19      for the record?

20          A.    Alan Dale Barr.

21          Q.    How do you spell your last name?

22          A.    B-A-R-R.

23          Q.    And what is your address?

24          A.    My address right now is 274 -- I am

25      sorry, Post Office Box 274, Kenansville,

Kaplan, Leaman & Wolfe
215.922.7112
BARR V. CARPENTERS PENSION PLAN, D DEL 04-1468 KAJ
DEFENDANTS' SUMMARY JUDGMENT APPENDIX

PAGE A – 28

```
1                              Barr
2        Q.      And you were a participant in the
3  Carpenters Local 626 Pension and Annuity Plan?
4        A.      Yes.
5        Q.      And how long were you a participant
6  there, do you know?
7        A.      I think since 1987.
8        Q.      Okay.   Did you work at all in
9  Philadelphia?
10       A.      Yes.
11       Q.      And how much was that?
12       A.      Well, I take that back.   I don't think
13  I ever worked in Philadelphia.   I worked all
14  over, but I don't think I've worked in
15  Philadelphia.
16       Q.      If you did, any of the money went back
17  to the 626 plan?
18       A.      If I would have, I am sure it would
19  have.
20       Q.      And you retired before August 2004?
21       A.      Yes.
22       Q.      If you go to page two, paragraph six,
23  it said that on or about December 13, 2002, the
24  Social Security Administration made a
25  determination that you were disabled;  do you
```

Kaplan, Leaman & Wolfe
215.922.7112
BARR V. CARPENTERS PENSION PLAN, D DEL 04-1468 KAJ
DEFENDANTS' SUMMARY JUDGMENT APPENDIX

PAGE A – 29

```
1                        Barr
2    recall that?
3        A.      Yes.
4        Q.      And what was the reason for that
5    disability?
6        A.      I had a back surgery and neck surgery,
7    and I was due to have more surgeries.
8        Q.      Okay.   And are you still receiving
9    social security benefits?
10       A.      Yes.
11       Q.      And when did you first apply for social
12   security benefits?
13       A.      I sent the paper -- I called in May
14   right after -- right around the 12th, which is my
15   disability date, May 12th, but I didn't receive
16   the paperwork until June to fill out and send in.
17   So, I sent it in in June of 2002.
18       Q.      Okay.   And when did you first call
19   them?
20       A.      In May.
21       Q.      Okay.
22       A.      Of 2002.
23       Q.      When did you last work?
24       A.      In May.
25       Q.      In May of 2002?
```

```
 1                        Barr
 2        A.      Correct. .
 3        Q.      I am sorry, I forgot, were you injured
 4    on the job or  --
 5        A.      No.
 6        Q.      And paragraph seven, it says, on or
 7    about November 22, 2002, you filed an application
 8    for disability benefits under the terms of the
 9    plan, meaning the 626 plan;  do you recall that?
10        A.      I did file at that time, yes.
11        Q.      When did you first contact the 626 plan
12    about  --
13        A.      In May of 2002.
14        Q.      And who did you contact and what did
15    you contact  --
16        A.      I am pretty sure her name was Sue.
17        Q.      Okay.   And what were you asking about?
18        A.      What I have to do to get disability
19    pension.
20        Q.      And was that about Cobra or was that
21    about disability?
22        A.      No, that was about the pension itself.
23    Cobra I was already familiar with.
24        Q.      Okay.   And you don't know the last
25    name, just Sue?
```

Kaplan, Leaman & Wolfe
215.922.7112
BARR V. CARPENTERS PENSION PLAN, D DEL 04-1468 KAJ
DEFENDANTS' SUMMARY JUDGMENT APPENDIX

PAGE A – 31

```
 1                      Barr
 2        A.      I have to -- this is not positive, but
 3   I think it's Sue Kelly.   I think her last name
 4   was Kelly.   I'm not positive, so it's not -- but
 5   I know the first name was Sue.
 6        Q.      What did she tell you?
 7        A.      She told me that -- to -- since I was
 8   -- first she told me there was two ways to get a
 9   disability pension.   One was you fill out an
10   application, and the board of directors would vote
11   on it.   And she said the other way is if you are
12   disabled through social security disability, that
13   that's the other way of doing it.
14        Q.      Okay.   And did you ask her for an
15   application at that time?
16        A.      Yes, I asked her what did I have to do.
17   And she says, "Well, we can't do anything until
18   you receive the award from social security." And
19   she says, "Then call us, and I will send you the
20   application."
21        Q.      Had you explained to her which plan you
22   were in?
23        A.      Yes, disability.
24        Q.      I mean, which local?
25        A.      Yes, Local 626.   They only handled --
```

Kaplan, Leaman & Wolfe
215.922.7112
BARR V. CARPENTERS PENSION PLAN, D DEL 04-1468 KAJ
DEFENDANTS' SUMMARY JUDGMENT APPENDIX

PAGE A – 32

Barr

1
2   at that time was just Gem Group, and Philadelphia
3   wasn't involved with us at that time.
4       Q.      Correct.
5       A.      We had --
6       Q.      But I mean, are you aware that Gem
7   Group handles other local unions?
8       A.      No, I am not.
9       Q.      When you talked on the phone, did you
10  tell her that you worked with Carpenters Local
11  626?
12      A.      Yes, I did.   They asked you, when you
13  call, what local are you with so they can direct
14  you to the person that takes care of your local, I
15  guess.
16      Q.      Did she send you a copy of the
17  application at the time?
18      A.      No.
19      Q.      Did you ask for one?
20      A.      No, I didn't ask.   I just went by what
21  she told me.
22      Q.      Okay.   When she told you to file an
23  application that the board of directors would vote
24  on, you didn't want to do that?
25      A.      No.   Because I was already filed for

Kaplan, Leaman & Wolfe
215.922.7112
BARR V. CARPENTERS PENSION PLAN, D DEL 04-1468 KAJ
DEFENDANTS' SUMMARY JUDGMENT APPENDIX

PAGE A – 33

Barr

2  -- going to file for disability.

3      Q.    So, you had two routes, and you wanted

4  to go the route that you would wait until you got

5  a social security award?

6      A.    Yes.

7      Q.    As far as you know, you didn't file any

8  application in writing before November 2002;  is

9  that correct?

10     A.    That's correct.

11     Q.    That's with the 626 plan?

12     A.    Correct.

13     Q.    And is that what we are talking about

14  in Paragraph Nine of your Complaint?

15     A.    Yes.

16     Q.    Okay.  When were you first notified

17  that you were eligible for disability benefits

18  from the 626 plan?

19     A.    From the 626 plan?

20     Q.    Yes.

21     A.    I wasn't notified until I talked to

22  them in, I think it was November, and I told them

23  I had received the award from social security.

24  And they sent me the application then.

25     Q.    And you filed the application, then?

Kaplan, Leaman & Wolfe
215.922.7112
BARR V. CARPENTERS PENSION PLAN, D DEL 04-1468 KAJ
DEFENDANTS' SUMMARY JUDGMENT APPENDIX

PAGE A - 34

```
1                              Barr
2        A.      Yes.
3        Q.      And when did they first tell you you
4   would receive disability benefits?
5        A.      Well, I think they told me my first
6   check would be in December, December 1st.
7        Q.      Do you recall when you got that notice?
8        A.      When I talked to them about the
9   application and we had talked a little more about,
10  you know, what was the process.
11       Q.      And did you ask any questions at the
12  time they told you your first check would be
13  December?
14       A.      The only thing I asked at that time
15  was, I think, when would be my first check.   And
16  we had discussed that it was -- I would get it,
17  because it's automatic with social security
18  disability, we just discussed that.
19       Q.      Okay.   But when they told you it would
20  be December, did you say anything else about
21  earlier checks at that time?
22       A.      No, at that time, I did not.
23       Q.      When did you first decide you would be
24  entitled to or could be entitled to benefits
25  before December?
```

Kaplan, Leaman & Wolfe
215.922.7112
BARR V. CARPENTERS PENSION PLAN, D DEL 04-1468 KAJ
DEFENDANTS' SUMMARY JUDGMENT APPENDIX

PAGE A – 35

```
 1                          Barr
 2          A.      After talking to more people and
 3   realized everybody else had got it from the
 4   beginning except myself.
 5          Q.      Who is that?
 6          A.      Just different people, like my friend
 7   John Malandruccolo.
 8          Q.      He didn't get it retroactive?
 9          A.      No, he didn't get it, either.
10          Q.      Who else did you talk to?
11          A.      Basically that was pretty much it.
12          Q.      Okay.  So, when you said that
13   everybody else got it  --
14          A.      I mean.
15          Q.       -- you don't know of anybody who did?
16          A.      Yes, I do know of other people that had
17   gotten it.
18          Q.      Okay.  Who are they?
19          A.      One was Ricky, R-I-C-K-Y, Laxton,
20   L-A-X-T-O-N, and that's it.  But I learned that
21   through Mr. Malandruccolo.
22          Q.      Okay.
23          A.      I hadn't talked to Ricky.
24          Q.      And that was after you retired?
25          A.      Yes.
```

Kaplan, Leaman & Wolfe
215.922.7112
BARR V. CARPENTERS PENSION PLAN, D DEL 04-1468 KAJ
DEFENDANTS' SUMMARY JUDGMENT APPENDIX

PAGE A – 36