1                               Barr

2          Q.        And before that, you hadn't asked any

3     questions about your -- an earlier disability

4     pension date?

5          A.        No.

6          Q.        And did you subsequently send a letter

7     to the fund about retroactive dates?

8          A.        Yes.

9          Q.        And what was your basis for your claim

10    that you were entitled to retroactive disability?

11         A.        That the bylaws of the year I retired,

12    it states that I was collected from the date that

13    I was determined disabled.

14         Q.        And how did you determine that the

15    bylaws stated that?

16         A.        I looked in the bylaws.

17         Q.        Okay.   Is there anything else you are

18    relying on for your retroactive disability?

19         A.        Just talking with Mr. Malandruccolo.

20         Q.        So, your two claims are that you

21    believe the bylaws at the time you retired

22    provided for a retroactive disability payment?

23         A.        Correct.

24         Q.        And you believe that's the case,

25    regardless of when you apply?

Kaplan, Leaman & Wolfe
215.922.7112
BARR V. CARPENTERS PENSION PLAN, D DEL 04-1468 KAJ
DEFENDANTS' SUMMARY JUDGMENT APPENDIX

PAGE A – 37

```
1                        Barr
2      A.     Yes, because I went just by what I was
3  told.
4      Q.     Okay.   Did you read anything before
5  you applied?
6      A.     No.
7      Q.     Did you receive anything in the mail
8  from the fund?
9      A.     No.
10     Q.     What was your address in 2001?
11     A.     319 Washington Street, P.O. Box 0626,
12  Delaware City, 19706.
13     Q.     And how long had you lived there?
14     A.     Approximately five years.
15     Q.     And when did you leave there?
16     A.     In March of 2005.
17     Q.     Okay.   So, you didn't change your
18  address during the period from like 2000 to March
19  of 2005?
20     A.     No.
21     Q.     And was that the address that you
22  received mail from the Gem Group office at?
23     A.     Correct.
24     Q.     And that's where they sent your pension
25  application?
```

Barr

```
 1                          Barr
 2        A.      Yes.
 3        Q.      Do you know if that was the address
 4   they had on their computer system?
 5        A.      Yes, it is.
 6        Q.      Mr. Barr, have you ever seen this
 7   document that I have marked as Exhibit 3 before?
 8        A.      No.
 9        Q.      Do you want to take a look at it again
10   and see if you recall?
11        A.      I saw the front page, but -- that was
12   my application for disability retirement.
13        Q.      Okay.   You recognize it now?
14        A.      Yes, I do recognize it.
15        Q.      And is that your signature on page
16   three?
17        A.      There is no page three.
18        Q.      Third page, right here?   And it says
19   page four.
20        A.      Right.   Yes, it's my signature.
21        Q.      Did you fill this out in the office or
22   did you take it home and mail it in?
23        A.      No, I filled it out in the office.
24        Q.      Okay.   And you filled out the
25   information on the cover page?
```

Kaplan, Leaman & Wolfe
215.922.7112
BARR V. CARPENTERS PENSION PLAN, D DEL 04-1468 KAJ
DEFENDANTS' SUMMARY JUDGMENT APPENDIX

PAGE A – 39

```
1                           Barr
2        A.     Yes.
3        Q.     Then you see line item six, it says,
4   date you plan to retire?
5        A.     Yes.
6        Q.     And it says December 1?
7        A.     Yes.
8        Q.     And that was your understanding at the
9   time?
10       A.     No.    That was my understanding for the
11  -- my award from social security.
12       Q.     Okay.
13       A.     It would be after six months.    That
14  was my understanding for that.
15       Q.     So, you put your social security date
16  as the date you planned to retire?
17       A.     No, that says my social security number
18  and says 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.
19       Q.     Right.   Now, let's look at line six,
20  date you plan to retire?
21       A.     Yes.
22       Q.     Month, 12/1/02?
23       A.     Yes, I understand that.
24       Q.     Okay.   And that was the date you
25  planned to retire at the time?
```

Kaplan, Leaman & Wolfe
215.922.7112
BARR V. CARPENTERS PENSION PLAN, D DEL 04-1468 KAJ
DEFENDANTS' SUMMARY JUDGMENT APPENDIX

PAGE A - 40

```
 1                        Barr
 2        A.      No, that was the date I planned on
 3   receiving my social security award.  So, I guess
 4   in a round-about way I guess it would be that.
 5   But that's not the way I filled it out.  I filled
 6   it out because that's what I was told I was going
 7   to get the social security, after six months, if
 8   you add it up from May, June, July, August,
 9   September, October, November, December -- well,
10   June, I applied in June, the paperwork.  It adds
11   up six months, what comes out to December 1st.
12        Q.      Okay.
13        A.      So, at that time, yes, I had already
14   retired, but that was my award time, yes.
15        Q.      Do you see, when you go to page two up
16   at the top, do you see there's a handwritten note?
17        A.      Yes.
18        Q.       "Needs same qualification as for SS
19   award"?
20        A.      Yes.
21        Q.      Do you know who wrote that note in
22   there?
23        A.      I think it was the girl that sent me
24   the application.  I think that was Sue.
25        Q.      Okay.  And is Reba Huff still your
```

```
1                         Barr
2   friend?
3        A.      Yes.
4        Q.      And is that still her current address?
5        A.      Yes.   Does that say 126, is that what
6   you are talking about?
7        Q.      Yes.
8        A.      It's actually 121.
9        Q.      121?
10       A.      Yes.
11       Q.      And do you know who wrote the
12  $10,000.00 above the 5,000?
13       A.      No, I don't.   I actually don't know
14  who wrote the needs same qualification up there,
15  I'm just assuming the person who sent it to me.
16       Q.      Okay.   Let's go back to page one, if
17  you could, at the bottom, there's another note
18  there;  do you know who wrote that in, at the very
19  bottom line?
20       A.      "I am waiting for award statement"?
21       Q.      Yes.
22       A.      I wrote that.
23       Q.      Okay.   And who wrote, "talked to
24  SSDI"?
25       A.      I did.
```

```
1                     Barr
2      Q.      Okay.  Mr. Barr, I am showing you a
3  document I've marked as Defendants Exhibit 4.
4  Have you seen this letter and the attached
5  enclosure before?
6      A.      Yes.   It's a release form for Doctor
7  Bose, B-O-S-E.
8      Q.      And who is Doctor Bose?
9      A.      He was my neurosurgeon.
10     Q.      Do you have any idea why you received
11 this form?
12     A.      At the moment, no, I can't think of it.
13 I think it was for -- to release for social
14 security, to release medical benefits for social
15 security, I think.   I'm not --
16     Q.      Do you see at the top of the page it
17 says, "If your application is for disability B
18 pension, please complete this form"?
19     A.      Okay.  This was actually from the
20 pension file.
21     Q.      Right.
22     A.      Yes.   I know what it is.
23     Q.      And do you remember -- do you know from
24 -- if you go back to Exhibit 3, do you see what a
25 disability B pension is?
```

Kaplan, Leaman & Wolfe
215.922.7112
BARR V. CARPENTERS PENSION PLAN, D DEL 04-1468 KAJ
DEFENDANTS' SUMMARY JUDGMENT APPENDIX

PAGE A – 43

```
 1                           Barr
 2        A.        Back here?
 3        Q.        Yes.    Look at page two at the top?
 4        A.        Yes.    What about it?
 5        Q.        Page two?
 6        A.        Page two, I am sorry?
 7        Q.        See the disability?
 8        A.        Disability.    Yes.
 9        Q.        Okay.    And you have read the material
10   that's at the top of page two of Exhibit 3, is
11   that correct, to yourself?
12        A.        Correct.    Yes.
13        Q.        And you had talked earlier about them
14   telling you that you could fill out an application
15   that would go through -- before the board without
16   a social security award, correct?
17        A.        Yes.
18        Q.        Do you understand that this form was to
19   do -- go through that process because you did not
20   actually have an SS social security award?
21        A.        No, I don't -- no, I have no idea about
22   that.
23        Q.        Okay.    So, you didn't read it at the
24   time?
25        A.        I guess not, because I didn't want to
```

Kaplan, Leaman & Wolfe
215.922.7112

```
1                       Barr

2    use the vote.    I wanted to wait for social

3    security award, like they had described to me.

4         Q.      Mr. Barr, I will show you a document

5    I've marked as Defendants Exhibit 5.    Have you

6    seen that before?

7         A.      Yes, I did.    I think it was in the

8    application when I filled out the application.

9         Q.      It has a received stamp up there, as

10   December 2, 2002?

11        A.      Yes.

12        Q.      And it appears to follow Exhibit 4,

13   which was dated November 25, 2002?

14        A.      Appears to be.

15        Q.      Is that your signature?

16        A.      Yes.    That's my signature.

17        Q.      Both on the -- between "I do hereby

18   release," and where it says applicant's signature?

19        A.      Yes.

20        Q.      And this is for Doctor Bose, again;

21   correct?

22        A.      Yes.    But I'm confused over this,

23   though.

24        Q.      You are confused about what?

25        A.      Why it's dated December 2nd of 2002,
```

```
 1                         Barr
 2   and I had already received checks as of December
 3   1st.   Why is it stamped received December 2nd?
 4   I was already receiving checks by then.
 5       Q.    Okay.  And you just signed and
 6   returned this to the fund office without asking --
 7       A.    Correct.
 8       Q.     -- questions?
 9       A.    I had originally asked them -- no, what
10   do they need to fill out and they told me what
11   pages to fill out, what I needed to and whatnot
12   to.  So, I did ask questions about that.
13       Q.    And --
14       A.    So, I filled out only the pages I was
15   told to fill out.
16       Q.    Okay.  But your understanding was that
17   you wanted to go for the option that depended on
18   the social security award rather than having the
19   board of directors decide your case?
20       A.    Correct.   Yes.
21       Q.    I show you a document I've marked as
22   Exhibit 6.   Have you seen that before?
23       A.    I have one more question about this, if
24   I may?
25       Q.    Feel free.
```

```
1                        Barr

2        A.      Why is this stamped received December

3   2nd and then stamped down here November 22?

4        Q.      Good question.    I suspect one is the

5   date it was issued, and one is the date it was

6   received, but I will check with somebody else.

7        A.      Yes, that sounds logical, yes.    Yes.

8   I'm familiar with this.

9        Q.      And what is it?

10       A.      It's the request I made to have my  --

11  have it appealed before the board about the money,

12  the retroactive money.

13       Q.      Okay.    Up at the very top, this is

14  dated May 26, 2004;  is that correct?

15       A.      Yes.

16       Q.      And you are saying you had pension  --

17  you got your pension in December of 2002?

18       A.      Yes.

19       Q.      Okay.    Let me take a step back.

20               I show you a document I've marked as

21  Exhibit 5A.    Have you seen that letter before?

22       A.      Yes, I think that was the letter that I

23  sent.

24       Q.      Did you see the date of that letter?

25       A.      August of 2003.
```

Kaplan, Leaman & Wolfe
215.922.7112
BARR V. CARPENTERS PENSION PLAN, D DEL 04-1468 KAJ
DEFENDANTS' SUMMARY JUDGMENT APPENDIX

PAGE A – 48

1                      Barr

2       Q.      Do you recall sending in a written

3   request before August of 2003?

4       A.      I think I did send one in much sooner

5   than that, back in probably 2000 -- early 2003,

6   and they turned it down.

7       Q.      Okay.

8       A.      And then I called by phone and said I

9   would like to appeal it.

10      Q.      And what?

11      A.      And they said, "Write a letter."

12  That's when I wrote this letter here to appeal it.

13      Q.      You are pointing to Exhibit 6?

14      A.      Yes.

15      Q.      Okay.   First you got this letter dated

16  August 6, 2003?

17      A.      Yep.

18      Q.      You think you just called before this

19  letter came?

20      A.      I'm not exactly sure on that.   I think

21  I called before that letter came and said I would

22  like to -- no.   No.   Something's wrong here.   I

23  would like to appeal.   And this is the answer to

24  -- this is the answer to the appeal.

25      Q.      Okay.   Let's keep going a little bit.

Kaplan, Leaman & Wolfe
215.922.7112
BARR V. CARPENTERS PENSION PLAN, D DEL 04-1468 KAJ
DEFENDANTS' SUMMARY JUDGMENT APPENDIX

PAGE A – 49

Barr

1

2  When did you first learn about Ricky Laxton?

3     A.    I'm not sure.

4     Q.    When did you first talk to Mr.

5  Malandruccolo?

6     A.    I would imagine it would be about the

7  same time I contacted Mr. Bernstein.   It would be

8  around that time.   So, if we are able to look up

9  the date when I contacted him, it would be --

10    Q.    Like 2004?

11    A.    Whatever date I contacted Mr.

12  Bernstein.

13    Q.    It was after you retired, is that --

14    A.    Yes.

15    Q.    Let's look at Defendants Exhibit 6,

16  which is the handwritten note you sent again?

17          You say you feel that you should be

18  paid for these six months, meaning, back to May of

19  2002, I gather?

20    A.    Yes.

21    Q.    And why do you feel that?

22    A.    Because the bylaws states that I should

23  receive my pension as of the disability date of

24  social security.   And my social security

25  disability date is May 12th of 2002.

Barr

1

2     Q.     Okay.  And you also say you were

3     advised that you should be paid those six months?

4     A.     Yes.

5     Q.     And who advised you of that?

6     A.     Nobody really advised me.  It was more

7     of a talking, like I said, with Mr. Malandruccolo

8     and, you know, putting our heads together and

9     reading the paper, the bylaws.

10    Q.     What paper?

11    A.     The bylaws.  My bylaws.

12    Q.     Okay.  Do you know what you call the

13    bylaws?

14    A.     It's the pamphlet that has all the laws

15    of the union, the bylaws of the union that I am to

16    abide by.

17    Q.     Okay.  Do you know where you got that,

18    those bylaws?

19    A.     Yes.  It was sent to me in the mail.

20    Q.     From where?

21    A.     From the union.

22    Q.     From Gem Group or the union?

23    A.     From Gem Group, yes.

24    Q.     Do you know when they sent it to you?

25    A.     I think it was sent in 2001.

```
 1                          Barr
 2      Q.     Okay.
 3                 MR. BERNSTEIN:  Do you have an extra
 4  copy of 5A?
 5                 MR. CPREK:  No, that's my only copy.
 6  We will have to make it.   It got attached.   It's
 7  actually attached to the back of -- remove it from
 8  -- is it attached to the back of Exhibit 3?
 9                 MR. BERNSTEIN:  Okay.
10                 MR. CPREK:  So, it should be removed
11  from the back of Exhibit 3.
12  BY MR. CPREK:
13      Q.     Mr. Barr, let me show you a document
14  I've marked as Exhibit 7.  See if you remember
15  this document?
16      A.     Okay.   This is the Answer and request
17  to this.
18      Q.     Meaning Exhibit 6, your handwritten
19  note?
20      A.     Yes.
21      Q.     Dated May 26, 2000?
22      A.     Yes.   Yes.   This is dated 26, yes,
23  okay.   Now, this falls into place.   This one
24  here I'm still confused about.
25      Q.     And were you -- when you read your
```

Kaplan, Leaman & Wolfe
215.922.7112
BARR V. CARPENTERS PENSION PLAN, D DEL 04-1468 KAJ
DEFENDANTS' SUMMARY JUDGMENT APPENDIX

PAGE A – 52

```
 1                          Barr

 2   note, were you aware of the bylaws that you rely

 3   on?

 4        A.      What I wrote, what note?

 5        Q.      Exhibit 6, the handwritten note.

 6        A.      This one here?

 7        Q.      Yes.

 8        A.      Yes, at that time I was aware.

 9        Q.      Is there a reason you didn't put it in

10   your note?

11        A.      No.   No, I just didn't -- just wrote a

12   quick note to them to tell them I wanted it

13   appealed, because most everything else was done

14   over the phone.

15        Q.      Do you have any records of the phone

16   conversations you had?

17        A.      No, sir.

18        Q.      Do you know what the basis of your

19   disagreement with this letter was?

20        A.      I think --

21        Q.      Meaning Exhibit 7?

22        A.      It was based on -- exactly what I said.

23   I feel I should be paid from the time I was

24   awarded disability, which was May 12th, was my

25   date of disability.
```

Kaplan, Leaman & Wolfe
215.922.7112
BARR V. CARPENTERS PENSION PLAN, D DEL 04-1468 KAJ
DEFENDANTS' SUMMARY JUDGMENT APPENDIX

PAGE A – 53

```
                            Barr
 1
 2        Q.    Okay.
 3        A.    Not when the award came.    Social
 4   security goes back to the time that you are
 5   disabled, but you don't get the award for six
 6   months.
 7        Q.    You don't get paid for six months?
 8        A.    Correct, from social security.
 9        Q.    Let me show you a document I've marked
10   as Exhibit 8.    Have you ever seen that document
11   before?
12        A.    I think so, but I'm not sure.    I think
13   so.
14        Q.    Okay.    You see in paragraph one
15   there's a response that says the following persons
16   have knowledge of facts relating to the
17   litigation?
18        A.    Yes.
19        Q.    And you see two people at Gem Group,
20   but no reference to Sue Kelly.    Do you have any
21   idea why that is?
22        A.    Because Sue Kelly retired before we got
23   the social security award.
24        Q.    Okay.    But you were aware of her name
25   at the time?
```

```
 1                        Barr

 2      A.      As -- I'm -- don't quote me on Kelly,

 3  but I think I remember Kelly, but I know for sure

 4  her name was Sue.

 5      Q.      Okay.

 6      A.      She had -- Jane't Garnett took her

 7  place.

 8      Q.      Can you look at the third page of that

 9  document that's headed Social Security

10  Administration?

11      A.      Yes.

12      Q.      Have you seen that document before?

13      A.      Yes.

14      Q.      Do you know what it is?

15      A.      It's my award for social security.

16      Q.      And you see the date of it?

17      A.      The date you became disabled?   Yes.

18  May 12th, 2002.

19      Q.      How about up at the top under

20  Baltimore, Maryland?

21      A.      Received.

22      Q.      Go up in the printed text, under

23  Baltimore was the date?

24      A.      December 13th, 2002.

25      Q.      Okay.   Is that -- did you receive this
```

Kaplan, Leaman & Wolfe
215.922.7112

BARR V. CARPENTERS PENSION PLAN, D DEL 04-1468 KAJ
DEFENDANTS' SUMMARY JUDGMENT APPENDIX

```
 1                         Barr
 2   letter on or about that date?
 3        A.      Yes.
 4        Q.      Do you have any reason to believe you
 5   received it at any other time?
 6        A.      No.
 7        Q.      And you see a stamped date received,
 8   December 20, 2002?
 9        A.      Yes.
10        Q.      Do you know if you sent it to Gem Group
11   at that time?
12        A.      Yes.   No.   At first I called, I had
13   got a phone call from social security saying I was
14   getting the award.    That was in November.   So,
15   that's when I called Gem Group, told them I was
16   getting the award.    And that's when they sent me
17   the application and said, "fill out the
18   application and send it back in when you receive
19   the award."
20        Q.      Okay.   And that was for if you wanted
21   to go with the option based on your social
22   security award?
23        A.      Correct.
24        Q.      Can you look at the next page of that
25   exhibit behind the social security letter?
```

```
 1                          Barr
 2              Have you ever seen this document
 3    before?
 4         A.      I don't recall seeing it, but I know
 5    what it's stating.
 6         Q.      And what is it stating?
 7         A.      My monthly benefits.
 8         Q.      Okay.   And you see the date of that?
 9         A.      December 27th, 2002.
10         Q.      So, that -- do you have any reason to
11    believe you didn't receive this letter -- well,
12    first of all, do you recall receiving this letter?
13         A.      Yes, I think I do recall this letter.
14         Q.      Any reason to believe it wasn't on or
15    about December 27, 2002?
16         A.      I can't quote it positively, but I
17    would imagine it was about the time I applied, you
18    know, was applying for social security and my
19    pension.
20         Q.      Mr. Barr, I've shown you a document
21    I've marked as Defendants Exhibit 9.   Have you
22    ever seen that document before?
23         A.      Yes, I've seen this.
24         Q.      And do you know what it is?
25         A.      Yes.   It was a request for Mr.
```

Barr

1

2    Bernstein to send in all the paper work and

3    documents, whatever I had referring to the case.

4         Q.      Okay.   Do you see some documents

5    beginning at the third page of the exhibit?

6         A.      Yes.   One's the same paperwork we were

7    just looking at a minute ago, my award.

8         Q.      Okay.   And then what's the next page?

9         A.      The next page, it's still the notice of

10   how much I will receive a month from carpenters

11   pension.

12        Q.      Okay.   And behind that is  --

13        A.      That's the -- appears to be the denial

14   letter for my request for my appeal.

15        Q.      Okay.   Do you have any other documents

16   that relate to your 626 pension?

17        A.      No, sir.

18        Q.      This is your complete file on your

19   pension?

20        A.      Other than -- yes, we have the

21   application, yes.

22        Q.      So, you have no notes regarding the

23   conversations you had with the fund office?

24        A.      No, sir.

25        Q.      You have no other letters in your file?

Kaplan, Leaman & Wolfe
215.922.7112
BARR V. CARPENTERS PENSION PLAN, D DEL 04-1468 KAJ
DEFENDANTS' SUMMARY JUDGMENT APPENDIX

PAGE A – 58

```
 1                      Barr
 2      A.      No.
 3      Q.      And did you happen to keep copies of
 4 your checks?
 5      A.      My checks?
 6      Q.      Yes.
 7      A.      You mean, my pension checks?
 8      Q.      Yes.
 9      A.      I am sure the bank has copies, because
10 it's all -- was electronic deposit.   Gem Group
11 did send me a receipt-type thing each month, but I
12 notice Philadelphia doesn't do that.
13      Q.      Okay.   And you have -- this is your
14 complete file, there are no other documents you
15 have?
16      A.      None that I have, no.   I did give Mr.
17 Bernstein a copy of a letter today that I just
18 received from the Gem Group -- not from the Gem
19 Group -- you know, it was from Philadelphia
20 vicinity.
21      Q.      Right.
22      A.      It was about an audit they had done.
23      Q.      Right.
24              MR. BERNSTEIN:  Do you want that?
25 I will give it to you now.
```

Barr

1
2     MR. CPREK:  I know what it says.

3     MR. BERNSTEIN:  Okay.

4  BY MR. CPREK:

5     Q.    Mr. Barr, I will show you a document

6  I've marked as Exhibit 10.   Have you ever seen

7  that before?

8     A.    I'm not exactly sure.   This looks like

9  something out of the 2001 version of the bylaws.

10    Q.    Right.   It came to you in a binder?

11    A.    Yes.

12    Q.    And you recall receiving this?

13    A.    Yes.

14    Q.    Did you keep that binder?

15    A.    Yes.

16    Q.    You just told me you had no other

17  documents, you still have a copy of this?

18    A.    Yes, I do.

19    Q.    And where is it?

20    A.    It's at home.

21    Q.    Okay.   Is there anything else in that

22  file with it?

23    A.    No.   Just a copy of the bylaws.

24    Q.    Okay.   Can you make a copy of it when

25  you go home?

```
 1                        Barr
 2      A.      No, I will say that I told Mr. --
 3      Q.      Actually, you don't have to make a copy
 4   of it as long as it doesn't have any other notes
 5   on it?
 6      A.      I did say I would like to put this in
 7   there.  I had told Mr. Bernstein I had that
 8   binder, and he said he did not need it.
 9      Q.      Can you show me where in this bylaws
10   you read that told you you were entitled to
11   retroactive disability benefits?
12      A.      Actually, I think it's not in here that
13   states that I had to wait six months, is I think
14   the perception I came across with.
15      Q.      And where did you get that perception?
16      A.      I was told by the phone conversations
17   what to do, okay?  And I think when I looked it
18   up in here it did not coincide to what they said.
19      Q.      Okay.  And you have testified that
20   what they said was you had two options, one was to
21   go to the board, and the other was to get a social
22   security award?
23      A.      Exactly.
24      Q.      And you wanted to go with the social
25   security award option?
```

BARR V. CARPENTERS PENSION PLAN, D DEL 04-1468 KAJ
DEFENDANTS' SUMMARY JUDGMENT APPENDIX

```
                              Barr
1
2       A.      Yes, I did.    It's been so long, I'm
3   not exactly sure how I came across with that.
4   Let me keep looking here for a minute.    I am
5   missing something here.    Okay.
6       Q.      How did you become disabled?
7       A.      I had an accident back in 1990, and
8   injured my back.    And I had three surgeries in
9   the 90's, and one on my neck.    And throughout the
10  years it just give out more and more.    I took it
11  until I couldn't stand it no more  and then went
12  to see Doctor Bose, and decided I couldn't do the
13  kind of work I was doing any more.
14      Q.      And when was that?
15      A.      Oh,  God, it was May-June of 2002.
16      Q.      And you saw him then?
17      A.      Yes.
18      Q.      And he told you at that time you
19  couldn't do the work you were doing?
20      A.      Yes.
21      Q.      And was there a specific --
22              MR. BERNSTEIN:  Did you mean 2004.
23              THE WITNESS: No, I think it was
24  2002.
25              MR. BERNSTEIN:  Okay.
```

```
                            Barr

 1

 2      Q.      Sue?

 3      A.      Her name was Sue.

 4      Q.      Did you go into the office or was

 5   everything done by phone?

 6      A.      Everything was done by phone.

 7      Q.      Did you speak to anybody else at Gem

 8   Group?

 9      A.      At that time?

10      Q.      Yes.

11      A.      No.   At that time, I just started with

12   a woman named Sue.   She took care of that, 626

13   people.

14      Q.      Okay.   Prior to contacting Gem Group,

15   did you attempt to review the document that you

16   have been shown today, which is Defendants Exhibit

17   10, the plan summary?

18      A.      No, I didn't at that time.

19      Q.      You just called them up?

20      A.      Just called them up.

21      Q.      And asked about what?

22      A.      Asked about disability pension.

23      Q.      And they told you there were two kinds

24   of pension disability pensions?

25      A.      Correct.
```

Kaplan, Leaman & Wolfe
215.922.7112
BARR V. CARPENTERS PENSION PLAN, D DEL 04-1468 KAJ
DEFENDANTS' SUMMARY JUDGMENT APPENDIX

PAGE A – 63

1                              Barr

2          Q.      One goes straight to the union?

3          A.      Yes.

4          Q.      And the other you wait for social

5    security?

6          A.      Right.

7          Q.      Did anyone at Gem Group -- or what did

8    the people at Gem Group tell you about the

9    application process, if anything?

10         A.      They told me if I chose to go the route

11   of social security, which I had already applied

12   for, that it's automatic, I will automatically get

13   my pension.   And I asked how do I go about it?

14   And she told me that when I received social

15   security award, to call them and they will send me

16   an application for my pension.

17         Q.      Okay.   What was explained to you about

18   the other route that you could take?

19         A.      The other route was that you write a

20   letter that goes in front of the board of trustees

21   to be voted on.   They vote whether you receive

22   pension or not.

23         Q.      Were you told anything about what kind

24   of evidence you needed to submit, if anything?

25         A.      At that time, no.

```
1                           Barr

2        Q.      Did you ask?

3        A.      No, I didn't.

4        Q.      Was there anything in particular that

5    influenced you to go the social security route, we

6    will call it, as opposed to going through the

7    board of directors route?

8        A.      I just kind of knew that I was familiar

9    with the type of damages I had with my back, that

10   it was going to be a long recovery, and I was

11   familiar with the laws of social security that if

12   you are disabled for over a year, you are entitled

13   to social security disability.

14       Q.      Okay.

15       A.      And I knew I was going to be a while,

16   because I was experiencing a lot of pains.

17       Q.      Has your physical condition gotten

18   better or worse since May 2002?

19       A.      Much worse.

20       Q.      Have you had any reviews from --

21   through social security since December 2004 when

22   you were notified that you were    --

23       A.      Yes, I received --

24       Q.      Or December 2002?

25       A.      Yes, it was just a very simple letter.
```

Kaplan, Leaman & Wolfe
215.922.7112
BARR V. CARPENTERS PENSION PLAN, D DEL 04-1468 KAJ
DEFENDANTS' SUMMARY JUDGMENT APPENDIX

PAGE A – 65

1                          Barr

2    I think it was a one page questionnaire.  All it

3    asked was had my condition improved, worsened,

4    stayed the same, about the same, and I put on

5    there worsened.

6         Q.    Do you remember when you got that?

7         A.    I would say it was about a month, month

8    and a half ago.

9         Q.    Okay.  And you filled it out and sent

10   it back?

11        A.    Yes, I did.

12        Q.    That's all I have.  Does that prompt

13   any more?

14   BY MR. CPREK:

15        Q.    Just a couple of follow-up questions.

16   If I have all this straight, you knew in May of

17   2002 that you could not work as a carpenter any

18   more;  is that correct?

19        A.    Yes.  I was deteriorating fast.

20        Q.    You had already received a copy of this

21   booklet marked Exhibit 10 in 2001?

22        A.    Yes.

23        Q.    No further questions.

24              (Whereupon, the deposition was

25   concluded at 11:37 a.m.)

Kaplan, Leaman & Wolfe
215-922-7112
BARR V. CARPENTERS PENSION PLAN, D DEL 04-1468 KAJ
DEFENDANTS' SUMMARY JUDGMENT APPENDIX

PAGE A - 66

```
 1                          Barr

 2

 3

 4

 5

 6                    I N D E X

 7

 8   WITNESS                          PAGE

 9

10   ALAN D. BARR

11

12        BY MR. CPREK:            3, 56

13        BY MR. BERNSTEIN:        49

14

15

16

17

18

19

20

21

22

23

24

25
```

Kaplan, Leaman & Wolfe
215.922.7112
BARR V. CARPENTERS PENSION PLAN, D DEL 04-1468 KAJ
DEFENDANTS' SUMMARY JUDGMENT APPENDIX

PAGE A – 67

## PENSION APPLICATION

### ̧ENTERS LOCAL UNION NO. 626 PENSION FUND

**GEMGROUP**
Brandywine Corporate Center
650 Naamans Road  -  Suite 303
Claymont, DE  19703

> DO NOT WRITE HERE — for office use only
>
> Application No. _____
>
> Photostats:
>
>
>
> Date Filed:

**INSTRUCTIONS:**
1. Please read each question carefully.
2. Print all information.
3. Be sure to answer all questions which apply to you. This will avoid delay in having your application processed.

4. Attach additional sheets if you need more space to answer any questions.
5. BE SURE TO SIGN AND DATE THE APPLICATION. (in ink)  PAGE 4
6. Mail the completed application and proof of age to the Fund Office at the above address.

**PERSONAL DATA**

1. Name  Malandruccolo                John                          Jr
   _____(Last)_____        _____(First)_____        _____(Middle)_____

2. Address  638 Howell School Rd        Kirkwood        DE        19708
   _____No. and Street_____        _City_        _State_        _Zip_

3. Social Security No. 221-~~███~~ 34-9772 _____ Phone No. 302-836-5724

4. Date of Birth  April 23, 2005 _____ Attach proof of age. See instructions on page 4

5. Date you last worked, or will work in Covered Employment  Dec 10, 2002

6. Date you plan to retire: Month  June _____ Year  2003

7. *Type of Pension*
   a) If eligible, I want to retire with a (check one type of Pension):

   ☐ Normal Retirement          For employees age 65 with at least 10 years of Pension Credit

   ☐ Early Retirement           For employees age 55-64 with at least 10 years of Pension Credit

   ☐ Supplemental               For employees age 60-61 with at least 15 years of Pension Credit

   ☒ Disability Retirement      For employees with at least 2 years of Pension Credit. See #8 for classification & requirements.

8. **DISABILITY PENSION**

   Disability "A" — is available before attaining age 65 provided you qualify for a Social Security Disability Award and are totally and permanently disabled.

   If you are applying for a Disability "A" Pension, complete the following

   a) Are you receiving Social Security Disability Benefits?  Yes  X    No _____
      (If yes, attach approval of such benefits.)

   b) Have you applied for Social Security Disability Benefits? If so, when?  ~~Yes Feb 2003~~

   c) Were you refused such Social Security Disability Benefits? Explain _____ No

*13*

JUN 1 8 2003

DISABILITY "B" BEFORE AGE 65 PROVIDED YOU ARE UNABLE TO WORK
IN ANY SUBSTANTIAL GAINFUL EMPLOYMENT, TO THE SOLE DESCRETION
OF THE TRUSTEES AND OPTION OF THE TRUSTEES

If you are applying for a Disability "B" Pension, please complete Page 3

9. EMPLOYMENT HISTORY

List below all names of your employers for *three* months prior to your retirement.

| Name of Employer | Street, City & State | Job Classification | Dates of Employment From Month | Year | To Month | Year |
|---|---|---|---|---|---|---|
| Carpenters Local 626 | New Castle DE | Carpenter | 1967 — | | Dec | 2002 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

10. INFORMATION ON SPOUSE

Name  Malandruccolo (Last)   Monica (First)   Faye (Middle)

Address  638 Howell School Rd (No. and Street)   Kirkwood (City)   DE (State)   19708 (Zip)

Social Security No.  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     6-8-52 (Date of Birth)

11. DEATH BENEFITS

I hereby designate the following beneficiary to receive the $10,000 Post Retirement Death Benefit due under the Plan in the event of my death.

Name (in full) Monica Faye Malandruccolo     Relationship  wife

Address  638 Howell School Rd (Street)   Kirkwood DE 19708 (City and State)

JUN 1 8 2003

BARR V. CARPENTERS PENSION PLAN, D DEL 04-1468 KAJ
DEFENDANTS' SUMMARY JUDGMENT APPENDIX

PAGE A – 69

MEDICAL RELEASE

IF APPLICATION IS FOR DISABILITY "B" PENSION, PLEASE COMPLETE
THIS FORM.

DATE _____

I, _____ DO HEREBY AUTHORIZE THE DOCTOR OR
OTHER PARTY NAMED BELOW TO RELEASE ALL PERTINENT MEDICAL
RECORDS AND INFORMATION AS REQUESTED TO THE CARPENTERS
LOCAL 626 PENSION FUND IN CARE OF GEMGROUP AT 650 NAAMANS RD
SUITE 303, CLAYMONT DE 19703

DOCTOR OR OTHER:    _____
                    (PRINT NAME IN FULL)

                    _____
                    (PRINT COMPLETE ADDRESS)

                    _____
                    _____
                    _____
                    _____ZIP_____
                    _____
                    PHONE NUMBER (INCLUDING AREA CODE)

                    _____
                    FAX NUMBER (INCLUDING AREA CODE)

APPLICANT'S SIGNATURE _____SS#_____

JUN 1 8 2003

I hereby apply for a Pension from the Carpenters Local Union #626 Pension Fund.

I certify that all of the foregoing is true and correct, to the best of my knowledge. I understand that a false ment may disqualify me for pension benefits, and that the Trustees shall have the right to recover any payments made to me because of a false statement.

Date June 16, 2003                    Signature _____

When you submit an application to the Pension Fund, you will receive a letter acknowledging its receipt. If further information is required, you will be advised.

## INSTRUCTIONS ABOUT PROOFS OF AGE TO APPLICANT FOR PENSION

The acceptable proofs of your age are listed below in two groups. Submit a photostatic copy of one of the proofs listed in Group I if you have it, or can possibly obtain it, since this class of proof age is the more convincing.

If you cannot submit a proof in the Group I classification, submit photostatic copies of two (2) of the proofs listed in Group II. You are cautioned, however, that Naturalization Papers, United States Passports and Immigration Papers may not be photostated. If you are submitting any of these, you must submit the original. It will be returned to you.

Additional proofs of age may be requested if the documents you submit do not constitute convincing proof of your age.

## GROUP I

Submit one of these:

1.  YOUR BIRTH CERTIFICATE, YOUR SPOUSE'S BIRTH CERTIFICATE (IF MARRIED) AND AND A COPY OF YOUR MARRIAGE CERTIFICARE.

## GROUP II

If neither of the above is available, then two of the following are required:

1. Notification of registration of birth in a public registry of vital statistics.
2. Certificate of age by the United States Census Bureau.
3. Hospital birth records, certified by the custodian of such record.
4. A foreign church or government record.
5. A signed statement by the physician or midwife who was in attendance at birth, as to the date of birth shown on their record.
6. Naturalization record (photostat not permitted: submit original).
7. Immigration paper (photostat not permitted; submit original).
8. Military record.
9. Passport (United States passport may not be photostated; submit original).
10. School record, certified by the custodian of such record.
11. Vaccination record, certified by the custodian of such record.
12. An insurance policy at least five years old.
13. Marriage record (application for marriage license or church record, certified by the custodian of such record; or marriage certificate).
14. Confirmation record.
15. Other evidence, such as voting records, poll tax receipts, drivers' license, or signed statements from persons who have knowledge of the date of birth.

BARR V. CARPENTERS PENSION PLAN, D DEL 04-1468 KAJ
DEFENDANTS' SUMMARY JUDGMENT APPENDIX

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ALAN D. BARR and                        :
JOHN MALANDRUCCOLO, JR.,                :
    Plaintiffs,                         :
                                        :
    v.                                  :    Civil Action No. 04-1468 KAJ
                                        :
CARPENTERS PENSION AND ANNUITY          :
PLAN OF PHILADELPHIA AND VICINITY,      :
successor by merger to CARPENTERS LOCAL :
626 PENSION AND ANNUITY PLAN,           :
    Defendant.                          :

### PLAINTIFF JOHN MALANDRUCCOLO, JR.
### INITIAL DISCLOSURES UNDER FED. R. CIV. P. 26(a)

In accordance with the provisions of Fed. R. Civ. P. 26(a), the plaintiff hereby provides the following information:

1. The name address and telephone number of each person with knowledge of the facts relating to the litigation.

**Response:** The following persons have knowledge of facts relating to the litigation:

(1) John Malandruccolo, Jr., 638 Howell School Road, Kirkwood, DE 19708; 302-836-5724;

(2) Records Custodian, Social Security Administration, Suite 200, 92 Reads Way, New Castle, DE 19720; 302-323-0304;

(3) Scott Ernsberger and Jane't Garnett, GEMGroup, 650 Naamans Road, Suite 303, Claymont, DE 19703, 302-798-6801.

2. Materials of the kind described in Fed. R. Civ. P. 26(a)(1)(B) in the possession, custody or control of plaintiff that are relevant to disputed facts alleged in the pleadings.

**Response:** See Document Nos. Mal-1 through Mal-5 attached hereto.



3. Computation of damages and relevant documents as described in Fed. R. Civ. P. 26(a)(1)(C).

**Response:** The categories of damages claimed by the plaintiff include damages for retroactive disability benefits from the date that the plaintiff was determined to be eligible for the receipt of Social Security disability benefits. The plaintiff has not yet made any computations concerning damages and will supplement this response when such computations are made.

4. A brief description of any insurance coverage that is or may be applicable to the litigation.

**Response:** Unknown.

5. The identity of each expert witness retained by the party and expected to be called by the party at trial, together with any written reports prepared by each expert.

**Response:** No such persons have been retained as of this time.

Joseph M. Bernstein

JOSEPH M. BERNSTEIN (#780)
800 N. King Street – Suite 302
Wilmington, DE 19801
302-656-9850
Attorney for Plaintiff

Dated: February 7, 2005

# Retirement, Survivors and Disability Insurance
## Notice of Award

Office of Central Operations
1500 Woodlawn Drive
Baltimore, Maryland 21241-1500
Date:  June 7, 2003
Claim Number:  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HA

9603 MCS,PC7,J,BA,T000,058,153          000021447 02 SP     0.600

JOHN MALANDRUCCOLO JR
638 HOWELL SCHOOL RD
KIRKWOOD, DE 19708

You are entitled to monthly disability benefits beginning June 2003.

**The Date You Became Disabled**

We found that you became disabled under our rules on December 17, 2002.

However, you have to be disabled for 5 full calendar months in a row before you can be entitled to benefits.  For these reasons, your first month of entitlement to benefits is June 2003.

**What We Will Pay And When**

- You will receive $1,717.00 for June 2003 around July 23, 2003. ?

- After that you will receive $1,717.00 on or about the fourth Wednesday of each month.

- These and any future payments will go to the financial institution you selected.  Please let us know if you change your mailing address, so we can send you letters directly.

The day we make payments on this record is based on your date of birth.

**Other Disability Payments Affect Benefits**

Your present workers' compensation payments of $1,612.90 do not affect your Social Security benefits.

Enclosure(s):
Pub 05-10153
Pub 05-10058

C                          See Next Page

Er 14
Mal-1

# JOHN MALANDRUCCOLO, JR.

638 Howell School Rd
Bear, De. 19701

JUL 1 8 2003

Home: 302-836-5724
Fax: 302-836-9313

July 11, 2003

To the Committee of Local 626,

I am writing to you regarding my retirement pension from Carpenters Local 626. I feel my pension should be dated back to December 17, 2002. The reason I did not file at that time was because I could not foresee what Social Security was going to do because of my injuries. I was disabled by Social Security on December 17, 2002.

If you have any questions, please feel free to contact me @ (302) 836-5724.

Sincerely,

*John Malandruccolo, Jr.*

John Malandruccolo, Jr.

DEFENDANT'S
EXHIBIT

17

7/16/03

SCOTT M. MAHONEY
Notary Public, New Castle County, DE
My Commission Expires February 09, 2004

BARR V. CARPENTERS PENSION PLAN, D DEL 04-1468 KAJ
DEFENDANTS' SUMMARY JUDGMENT APPENDIX                    PAGE A – 75

# PENSION AND ANNUITY PLAN

Fund Office: GEMGroup, Administrator, Brandywine Corporate Center, 650 Naamans Road, Suite 303, Claymont, DE 19703
Phone: (302) 798-6801 /- (800) 223-7405 / Fax: (302) 798-6929

October 14, 2003

Mr. John Malandruccolo, Jr.
638 Howell School Road
Bear, DE 19701

Dear Mr. Malandruccolo:

At the meeting held on October 7, 2003, the Carpenters Local 626 Pension Fund Board of Trustees reviewed your appeal requesting a disability pension retroactive effective date.

After careful review, the Trustees have determined that further research is necessary prior to rendering a decision in your case. Accordingly, the Trustees have deferred your case to be further discussed at the next regular Board meeting scheduled for January 13, 2004. You will be notified in writing following that meeting confirming action taken by the Trustees in your case.

Sincerely,

GEMGroup

Scott A. Ernsberger
Fund Manager

SAE/ims
Cc:     Jane't Garnett
        Lorna Lang
        Jeannette Riddle

Ex 14
Mal-2

BARR V. CARPENTERS PENSION PLAN, D DEL 04-1468 KAJ
DEFENDANTS' SUMMARY JUDGMENT APPENDIX

PAGE A – 76

# PENSION AND ANNUITY PLAN

Fund Office: **GEM**Group, Administrator, Brandywine Corporate Center, 650 Naamans Road, Suite 303, Claymont, DE 19703
Phone: (302) 798-6801 /- (800) 223-7405 / Fax: (302) 798-6929

January 16, 2004

Mr. John Malandruccolo, Jr.
638 Howell School Road
Bear, DE 19701

Dear Mr. Malandruccolo:

At the meeting held on January 13, 2004, the Carpenters Local 626 Pension Fund Board of Trustees further reviewed your appeal requesting a disability pension retroactive effective date. Following careful review, the Trustees have resolved to deny your appeal.

Your existing monthly disability pension benefit from the Carpenters Local 626 Pension & Annuity Plan ("the Plan") was approved by the Trustees effective July 1, 2003. As you note in your appeal, however, the Social Security Administration approved a Social Security Disability Award to you with a date of disability of December 17, 2002 and a disability benefit effective date of June 2003.

Please understand that under the Plan the pension benefit effective date cannot be earlier than the first day of the month following the Fund's receipt of the participant's application for benefits. The Plan provides under Article 5, Payment of Benefits, Section 5.01 General Conditions that, "Benefits will only be paid to Vested Participants and their Spouses and Beneficiaries. **Payment will not otherwise be made until a complete application is filed** or before Retirement, separation from service, death, Disability or termination of the Plan unless required by law . . ." Enclosed is a copy of page 14 from the Pension Plan providing this language for your review. Since your application for benefits was received at the Fund Office on June 18, 2003, your disability pension effective date under the Plan is July 1, 2003, regardless of the effective date of your Social Security Disability Award or the commencement date of your disability. Your appeal has been denied in accordance with Plan provisions.

This represents a final determination of the Plan on appeal that you are not entitled to an earlier disability pension effective date. We have enclosed copies of all relevant Plan provisions on which the determination is based. All remedies available under the Plan have been exhausted. The Plan has no further voluntary appeal procedures. A claimant is entitled to receive, upon request and payment of copying cost at $.25 per page, reasonable access to and copies of, all documents, records, and other information relevant to the claimant's claim for benefits. A claimant who disagrees with the Plan's decision or lack thereof may file suit in federal court under Section 502(a) of ERISA, 29 U.S.C. §1132(a), following an adverse benefit determination on appeal or the lack of a timely response.

Sincerely,

Scott A. Episberger
Fund Manager/GEMGroup

E/ims
Enclosure
Cc:    Jane't Garnett, Lorna Lang, Jeannette Riddle

*Ex 14*
Mal-3

BARR V. CARPENTERS PENSION PLAN, D DEL 04-1468 KAJ
DEFENDANTS' SUMMARY JUDGMENT APPENDIX